■ MORTON L. ACKERMAN, INC., Appellant, v. MOHAWK CABINET COMPANY, INC., Respondent.— Appeal by the plaintiff from an order of the Supreme Court at Special Term, entered February 2, 1971 in Fulton County, which granted a motion by defendant for summary judgment dismissing the complaint and denied a motion by plaintiff for summary judgment, and from the judgment entered thereon. It is undisputed that on or about October 2, 1967, the parties entered into a business relationship whereby the appellant was to act as factory representative for the respondent and receive a 4% commission on sales it developed, and that the relationship continued until receipt of the letter of June 5, 1968. The respondent, by letter dated June 5, 1968, notified the appellant that it was discontinuing immediately the payment of commissions on any sales of equipment made to Ackerman-New York, Inc.— not because of any alleged invalidity of the parties' sale agreement — because its legal counsel had advised that such commissions might violate the Robinson-Patman Act (U. S. Code, tit. 15, § 13, subd. [c]). The appellant contends that the agreement between the parties specified that the 4% commission would be paid on all sales made within an agreed territory and, therefore, the respondent is obligated to pay the 4% commission for sales made subsequent to the letter of June 5, 1968. The appellant, in its complaint, asserts that there was a written contract and relies upon a letter (agreement) dated January 2, 1968 signed by the vice-president of the respondent. Special Term, in granting summary judgment for the respondent, found that there was no contract between the parties and, further, that the payment of commissions to the appellant would give such an advantage to Ackerman-New York, Inc., as to violate the Robinson-Patman Act. The questions upon this appeal are whether or not there were factual issues which would require a jury trial and, in the absence of such issues, whether or not Special Term erred as a matter of law. As referred to hereinabove, the respondent forwarded to the appellant a letter-agreement dated January 2, 1968 which confirmed the appointment of the appellant as a factory representative and specified that the appellant would receive a 4% commission "on all equipment and accessory sales in the territory covered by this agreement". The letter-agreement particularized the territory involved and it is not disputed that the sales to Ackerman-New York, Inc., were in such territory. The letter-agreement is in positive terminology and would leave nothing further to be agreed upon. At its very end there was a request that the appellant sign "the extra copy" and return it to the respondent. As noted, the letter-agreement does not appear tentative in any respect. However, the record also contains the transmittal letter which accompanied the said letter-agreement and the body thereof is as follows: "Enclosed please find duplicate copies of the *proposed* distributorship agreement and factory representative agreement. Will you kindly sign a copy of each and return it to me for our files." (Emphasis added.) These letters pose a basic question as to what was the intent of the parties (*Matter of Ahern* v. *South Buffalo Ry. Co.*, 303 N. Y. 545, 348, affd. *sub nom.*

*South Buffalo Ry. Co.* v. *Ahern,* 344 U. S. 367). Where the intent of the parties is not unequivocally clear, we must glean intent from the sense in which words were used, the relation of the parties, the resolution of conflicting inferences, if any, and other surrounding circumstances. This inquiry involves both questions of law and fact (*Kenyon* v. *Knights Templar & Masonic Mut. Aid Assn.,* 122 N. Y. 247, 254), and is not properly dealt with by summary judgment. (See *Lachs* v. *Fidelity & Cas. Co. of N. Y.,* 306 N. Y. 357; *Berg* v. *Auto Wheel Ind.,* 32 A D 2d 876.) The present record — subject to development on the trial — appears to indicate that the appellant performed such services for the respondent as would permit the finding that the payments to it were in no way an unlawful subsidy or price discrimination in favor of Ackerman-New York, Inc. as the same is proscribed by the Robinson-Patman Act. (Cf. *Federal Trade Comm.* v. *Broch & Co.,* 363 U. S. 166, 173–174.) For the foregoing reasons it is apparent that Special Term erred in granting judgment for the respondent. However, its denial of the appellant's motion for summary judgment was proper. We do not reach the merits of the action upon this appeal. Judgment reversed, on the law, with costs, and order modified so as to deny the motion of the defendant for summary judgment and, as so modified, affirmed. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur. [65 Misc 2d 686.]