■  BRAY TERMINALS, INC., Appellant, v GRAND UNION COMPANY, Respondent.—Appeals (1) from a judgment of the Supreme Court at Special Term, entered November 29, 1978 in Warren County, which dismissed the complaint, and (2) from an order of the Supreme Court at Special Term, entered January 17, 1979 in Warren County, which denied the plaintiff's motion for reconsideration of the court's previous decision entered November 29, 1978. On April 3, 1973, the parties entered into a written agreement wherein defendant agreed to purchase a minimum amount of gasoline and lubricants from plaintiff. The term of the agreement was to be five years with an automatic renewal for two additional terms of five years each upon

certain conditions. The parties operated under the provisions of the agreement for two years, until defendant notified plaintiff that it would no longer be making any purchases. Plaintiff thereafter commenced this action seeking damages for defendant's alleged breach of contract. Plaintiff moved for summary judgment on the issue of liability, and defendant cross-moved for summary judgment dismissing the complaint on the grounds that the contract was illusory and unenforceable by reason of lack of mutuality of obligation between plaintiff and defendant. Specifically in question is a clause of the contract which reads as follows: "Discontinuance of Products or Brands: Seller reserves the right to change brands or to change the specifications of products and to discontinue the sale of any product. In the event of a change of brand name or specification, buyer shall purchase the new or substitute product or brand as though same were specifically covered hereunder. The seller agrees to use its best efforts to retain the branded product first initiated with the buyer." Special Term determined that the wording of the contract was clear and unambiguous and that plaintiff had the right to discontinue the sale of any product to defendant. It was concluded that where a promisor has the right to unconditionally terminate a contract, his promise is no consideration for a counterpromise. Consequently, the court denied plaintiff's motion for summary judgment, granted defendant's cross motion for summary judgment and dismissed the complaint. Subsequently, Special Term denied plaintiff's motion to renew and reargue and this appeal ensued. The Court of Appeals has recently stated that it "is the rare writing that requires no interpretation" *(Bensons Plaza v Great Atlantic & Pacific Tea Co.,* 44 NY2d 791, 792-793). Upon consideration of the record and the entire contract, we are of the view that the intent of the parties is not unequivocally clear and the interpretation and meaning of the clause in question is not free from doubt. When the language employed is not free from ambiguity, the intent of the parties becomes a matter of inquiry and consideration must be given to the sense in which the words were used, the relations of the parties and other surrounding circumstances *(Lachs v Fidelity & Cas. Co. of N. Y.,* 306 NY 357; *Morton L. Ackerman, Inc. v Mohawk Cabinet Co.,* 37 AD2d 655). Both questions of law and fact are involved in this inquiry and summary judgment should not be granted *(Morton L. Ackerman, Inc. v Mohawk Cabinet Co., supra; Berg v Auto Wheel Inds.,* 32 AD2d 876). Accordingly, Special Term improperly granted defendant's motion for summary judgment and dismissed the complaint. Since plaintiff's subsequent motion presented no new facts, Special Term properly considered it as solely a motion to reargue, and the order denying such a motion is not appealable *(Nagle v New York Hotel Trades Council & Hotel Assn. of N. Y. City Health Center,* 68 AD2d 905; *Birdsall v City of New York,* 60 AD2d 522; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2221.03). Judgment modified, on the law, by reversing so much thereof as granted defendant's cross motion for summary judgment and dismissed the complaint, and by denying said cross motion, and, as so modified, affirmed, without costs. Appeal from the order entered January 17, 1979 dismissed. Sweeney, J. P., Kane, Staley, Jr., Casey and Herlihy, JJ., concur.