■ MAE NIDDS, Respondent, v HUGH PROCIDANO, Appellant. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered June 3, 1982 in Sullivan County, which granted plaintiffs' motion for partial summary judgment on the issue of liability. After negotiations among plaintiff, defendant and defendant's attorney concerning the purchase of a house by plaintiff in a development at Loch Sheldrake, New York, the principals executed a contract of sale on October 1, 1976 for the purchase of one of the houses in the development. The parties also executed an undated rider to the contract wherein defendant agreed to multiple items of property improvement. When defendant failed to make all of the improvements set forth in the rider, plaintiff commenced this action for breach of contract against defendant and demanded judgment in the sum of $5,506.96 as the reasonable costs and value of the goods, materials and labor necessary to perform the construction and improvements defendant failed to make. After issue was joined, plaintiff moved for summary judgment. Special Term granted plaintiff partial summary judgment on the issue of liability and referred the question of damages to a trial part.[*] This appeal by defendant ensued. Although summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue of fact, only the existence of a bona fide issue raised by evidentiary facts and not one based on conclusory or irrelevant allegations will suffice to defeat a motion for summary judgment (*Rotuba Extruders v Ceppos,* 46 NY2d 223). Here, we have a contract of sale dated October 1, 1976 and a letter from defendant seller to plaintiff of the same date which states: "In accordance with our understanding and your *purchase* of Block D, Lot #3 at Lock Sheldrake this date, and that I am to make *certain renovations and improvements* upon such property * * * and set forth in our contract * * * If, within two years * * * you elect to *sell this premises,* I will purchase same from you" (emphasis added). The nature of the "certain renovations and improvements" were particularized in the signed and undated rider. Defendant's allegation, set forth both in his affidavit in opposition to plaintiff's motion for summary judgment and in his brief, to the effect that there were unfulfilled conditions by plaintiff which excused some of the work particularized in the rider and, further, that the agreement between the parties was a loan transaction rather than a sale, fail to rise to the level of evidentiary facts that create a bona fide issue of fact (*Rotuba Extruders v Ceppos,* 46 NY2d 223, *supra*). While

---

[*] After a hearing on June 7 and 8, 1982, a verdict was returned by a jury in the sum of $2,800. Judgment was entered on June 10, 1982. No appeal was taken by defendant.

it is true that the record discloses that the negotiations between the parties included a consideration of a loan by plaintiff to defendant as a form of investment, the record is clear, as evidenced by the contract of sale, letter by defendant to plaintiff and rider, that the parties ultimately decided on a sale. "It is axiomatic that a contract is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language employed [citation omitted]" (*Morlee Sales Corp. v Manufacturers Trust Co.*, 9 NY2d 16, 19). A court must find ambiguity in the instrument before the rules governing the construction of ambiguous contracts are triggered. Here, there is no ambiguity since the language in the contract of sale and rider is clear, precise and does not form a reasonable basis for a difference of opinion (see *Breed v Insurance Co. of North Amer.*, 46 NY2d 351, 355). Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.