◼ Louise S. Konik, Appellant, v Anesthesia Associates of Plattsburgh, P. C., Respondent.—Kane, J. Appeal from a judgment of the Supreme Court (Shea, J.), entered April 4, 1986 in Clinton County, which granted defendant's motion for partial summary judgment dismissing the first and second causes of action in the complaint.

For the purposes of securing certain Federal income tax benefits, particularly those related to qualified pension plans, plaintiff and her three partners dissolved their partnership and incorporated their professional medical practice in 1973. On March 1, 1973, the partners executed an incorporators' agreement creating defendant, Anesthesia Associates of Plattsburgh, P. C. That same day plaintiff and two of her partners executed employment agreements with the new professional corporation; the remaining partner did so one month later. These employment agreements were virtually identical.

They provided for compensation in the forms of salary, expenses and contribution to a corporate pension plan. Also included were provisions about termination in the event a doctor left the practice. The parties agree that one paragraph provides for the return to the departing doctor of the portion of contributions to the pension plan which had not then vested. That paragraph is the source of this dispute.

Plaintiff chose to terminate her employment with defendant in August 1978. Relying on the language of the employment agreement, defendant informed plaintiff that the unvested portion of her pension contributions, $50,813 as calculated by defendant's accountant, would be paid to her in 15 equal annual installments. Defendant enclosed the first payment of $3,387.53 and remitted five more yearly payments.

Plaintiff commenced this action in 1984 asserting, *inter alia,* that she was entitled to be paid interest upon her unvested pension benefits retained by defendant throughout the installment period.[1] On the date set for trial, defendant orally moved for partial summary judgment on the claims that sought interest, arguing that the contract was unambiguous and did not provide for the payment of interest. Plaintiff was granted leave to respond and, accordingly, submitted papers in opposition to defendant's motion. Supreme Court granted defendant's motion and this appeal ensued.

We are unable to agree with Supreme Court that the contract clause in question is unambiguous and, accordingly, reverse. In this regard, if the provisions of a contract are clear and unambiguous, it is for the court to construe their meaning as a matter of law *(Chimart Assocs. v Paul,* 66 NY2d 570). However, where the language used is ambiguous and admits of different reasonable interpretations, it creates a factual question that cannot be determined on a motion for summary judgment *(see, Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186, 191; *Bray Terms. v Grand Union Co.,* 74 AD2d 965, 966). The contractual language at issue here provides that: "In the event that Employee's employment with the Employer terminates for any reason, including, but not limited to, death of the Employee, the Employer shall pay to the Employee as additional compensation an amount equal to the sum of (a) the amount by which the obligation of the Employer to fund the benefits of the remaining participants in any pension plan, profit-sharing plan, and/or related trust is reduced by the

---

1. The complaint contains seven causes of action. However, this appeal concerns only the first three causes of action.

Employee's termination and (b) the aggregate amount by which the benefits of the remaining participants in such pension plan, profit-sharing plan, and/or related trust are increased by Employee's termination. For the purposes of this paragraph, the terms 'pension plan', 'profit-sharing plan', and 'related trust' shall be deemed to refer only to a pension plan or profit-sharing plan and a trust related thereto which are funded entirely by Employer and/or the Employees of Employer. Said amount shall be determined by the Certified Public Accountant of the Corporation in accordance with generally accepted accounting principles. Payment shall be made in fifteen (15) equal annual installments, commencing on the first day of the third month following Employee's termination of employment."

In our opinion, the above-quoted language is not unambiguous and is subject to different reasonable interpretations. Although the clause provides for 15 equal installment payments, a requirement that defendant asserts refutes any possible interpretation that interest is to be paid plaintiff, plaintiff's expert, a professional actuary,[2] counters this argument in an affidavit submitted to Supreme Court in opposition to defendant's motion for partial summary judgment. In his opinion, the contract contained financial and actuarial terms of art. In this regard, he stated that the language could be construed to provide for payment of a sum equal to the present value of plaintiff's unvested contributions paid out over time, a sum which would be greater than $50,813 by reflecting the benefit that the pension plan receives from the use of the money for 15 years. Since the clause at issue is ambiguous and subject to different reasonable interpretations, partial summary judgment should not have been granted *(see, River Park Assocs. v Meyerbank Elec. Co.,* 116 AD2d 709, 710; *Bray Terms. v Grand Union Co.,* 74 AD2d 965, 966, *supra).*

Judgment reversed, on the law, with costs, and motion denied. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.

---

2. The expert is enrolled to practice before the United States Labor Department and the Internal Revenue Service on pension matters and to certify the calculations of pension liabilities and contributions.