■ IRENE B. FREDERICK, Appellant, v W. BRUCE CLARK et al., Respondents, et al., Defendant.—Weiss, J. Appeal from that part of an order of the Supreme Court (Prior, Jr., J.), entered December 13, 1988 in Albany County, which, *inter alia,* granted the motion of defendants W. Bruce Clark and W. Bruce Clark, P. C., for partial summary judgment dismissing the first and second causes of action in the complaint.

This appeal concerns a dispute over the terms of an employment contract. Both plaintiff and defendant W. Bruce Clark (hereinafter defendant) are physicians licensed in New York and board certified in the practice of obstetrics-gynecology. In the spring of 1986, plaintiff and defendant engaged in several discussions which resulted in a verbal agreement whereby defendant agreed to employ plaintiff in his professional practice. This agreement was confirmed in a letter to plaintiff dated July 29, 1986, in which the terms of employment, plaintiff's work schedule and her salary were set forth. Significantly, the letter also stated that "[l]iability insurance will be provided for you [plaintiff]".

Thereafter, plaintiff began working for defendant and was duly provided with a "claims-made" medical malpractice liability insurance policy, the only type of policy allowed by statute at that time (Insurance Law § 3436 [a] as added by L 1986, ch 266, § 9, eff July 1, 1986). Under a claims-made policy, coverage is provided only if a claim is made during the existence of the policy. If such a policy is terminated, coverage can be extended under certain circumstances. However, if the insured prematurely retires, coverage for his prior acts or omissions will only be available through the acquisition of extended reporting period coverage (tail coverage).

Plaintiff's employment continued over the next few years with various raises in salary and changes in her work schedule being negotiated between the parties. In February 1988, however, defendant informed plaintiff that he no longer wished to continue his professional association with her. Plaintiff was ultimately terminated in May 1988 and defendant sent her a letter confirming this and stating that he would not pay for plaintiff's tail coverage. Plaintiff thereafter decided not to continue in private practice and canceled her present insurance policy. She informed her insurer that she wished to obtain tail coverage and the issue of who would pay for the coverage was in negotiation.

Ultimately, plaintiff commenced this breach of contract action against defendant, his professional corporation* and his insurer, essentially alleging that defendant was contractually obligated to pay her premiums for tail coverage. All parties moved for summary judgment. Supreme Court granted defendant's motion for partial summary judgment seeking dismissal of the first two causes of action and ordered plaintiff's third cause of action to be transferred to Albany City Court since the amount in controversy was now reportedly less than $10,000. The insurer's summary judgment motion was granted in its entirety. Plaintiff now appeals solely from the order entered upon defendant's motion.

In our view, Supreme Court inappropriately granted defendant's motion for partial summary judgment. Initially, we reject defendant's contention that the July 29, 1986 letter sent by defendant to plaintiff was not a legally enforceable employment contract due to its indefiniteness. On its face, the letter generally contained the essential elements of an employment contract (see, Merschrod v Cornell Univ., 139 AD2d 802, 805).

In the alternative, defendant argues that if a valid agreement existed, he fully complied with his contractual obligation to provide liability insurance to plaintiff by providing only claims-made insurance without tail coverage. We do not agree. It is well settled that a contract is to be interpreted so as to give effect to the intention of the parties, and to do so courts look to the express language used (see, Breed v Insurance Co., 46 NY2d 351, 355; Nidds v Procidano, 95 AD2d 912, 913). If a contract provision is clear and unambiguous, it is proper for the court to construe its meaning as a matter of law (see, Konik v Anesthesia Assocs., 128 AD2d 933, 934). In construing

---

* Future references to defendant may also include his professional corporation.

the provisions of a contract courts "should give due consideration to the circumstances surrounding its execution, to the purpose of the parties in making the contract, and, if possible, [they] should give to the agreement a fair and reasonable interpretation" (Aron v Gillman, 309 NY 157, 163).

Here, the only reasonable interpretation to be given the phrase "liability insurance will be provided for you" is that defendant meant to protect plaintiff against any liability she might be subjected to for work done while in defendant's employ (cf., Moravec v St. Cloud Med. Group, Stearns County Dist Ct, Jan. 10, 1989 [Minn]). The only way this could be accomplished under the claims-made insurance policy provided by defendant was for tail coverage to be provided. Notably, since it was defendant who drafted the agreement, any ambiguity in the contract should be construed against him (see, Gillet v Bank of Am., 160 NY 549, 555).

However, an examination of defendant's own affidavit reveals that he intended at the time of the contract to provide plaintiff with malpractice insurance to cover all acts or omissions that might occur while plaintiff was employed by defendant. Defendant avers that when he and plaintiff discussed employment terms, they were unaware of the change in the Insurance Law which made claims-made the only type of malpractice insurance available. He claims they intended to get an "occurrence" policy, which would insure a person for all acts and omissions that occurred while the policy was in effect, even if the claim was brought after the policy was terminated. Since that same effect could only be achieved with a claims-made policy through the acquisition of tail coverage, Supreme Court erred by granting summary judgment to defendant. Further, since plaintiff is entitled to tail coverage, we find that her motion for summary judgment should be granted (see, CPLR 3212 [b]; Ferguson v Ferguson, 97 AD2d 891, 892).

Order modified, on the law, with costs to plaintiff, by reversing so much thereof as granted summary judgment to defendants W. Bruce Clark and W. Bruce Clark, P. C., dismissing the first and second causes of action; plaintiff's motion for summary judgment on said causes of action granted; and, as so modified, affirmed. Casey, J. P., Weiss, Mikoll and Levine, JJ., concur.