■ ARTHUR E. GILLMAN, Respondent, v BARBARA O'CONNELL, Also Known as BARBARA E. GILLMAN, Appellant.—In an action for a judgment declaring that the defendant is liable for the payment of certain income tax deficiencies and costs resulting therefrom, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Walsh, J.), entered February 14, 1990, which, inter alia, granted the plaintiff's motion for renewal, declared that the defendant was solely and fully liable for the subject deficiencies, and modified an order of the same court dated September 29, 1986, by deleting the provision thereof which permitted the defendant to submit proof of offsets in mitigation of any liability to the plaintiff, and (2) an order of the same court (Gurahian, J.), entered April 11, 1991, which awarded the plaintiff legal fees in the amount of $20,000 and disbursements in the amount of $265.85.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiff Arthur Gillman and the defendant Barbara O'Connell were married in June 1961 and separated in 1980. During their marriage, the couple filed joint income tax returns, and in a separation agreement dated September 25, 1980, they agreed that should these joint returns be audited, the party whose income or deductions were "in question" would pay all costs, including any additional tax and penalties, which were determined to be due. The separation agree-

ment further provided that if either party defaulted in performing an obligation under the agreement, the defaulting party would be required to pay reasonable counsel fees incurred in connection with any action commenced by the other party arising from the default.

Four years later, in December 1984 the Internal Revenue Service (hereinafter the IRS) notified the parties of certain income tax deficiencies based on improper deductions taken by them in connection with the wife's investments. After the wife refused to respond to the husband's demand that she acknowledge responsibility for these deficiencies, he commenced the instant action seeking a declaration that she was solely liable for payment of the deficiencies. The wife denied liability, and asserted a counterclaim against the husband seeking offsets equal to one-half of the total deductions taken as a result of the improper investments. Both parties subsequently moved for summary judgment, and by order dated September 29, 1986, the court granted the husband's motion to the extent of declaring the wife liable for any tax deficiency ultimately determined to be due by the United States Tax Court. The court further directed that an inquest to be held following the conclusion of proceedings in the Tax Court to determine any expenses incurred by the husband as a result of that proceeding, as well as "any offsets which [the wife] may prove in mitigation of any liability, deficiency or otherwise".

In or about January 1989 the wife settled the tax deficiency proceeding with the IRS, and the settlement provisions were subsequently incorporated in a decision by the Tax Court. The wife then filed a note of issue seeking an inquest to determine whether the husband should reimburse her for a portion of the additional taxes she had paid to the IRS pursuant to the settlement, and the husband responded by moving to renew his earlier motion for summary judgment dismissing her counterclaim for offsets. In an order dated February 13, 1990, the court, *inter alia,* granted the husband's motion to renew, and modified its previous order by dismissing the wife's counterclaim. The court further concluded that the wife had defaulted in the performance of an obligation required under the separation agreement by failing to acknowledge her liability for the tax deficiency, and accordingly awarded the husband attorneys' fees.

The Supreme Court properly treated the husband's second motion for summary judgment dismissing the wife's counterclaim as a motion to renew, since it was based on material which was not available at the time the original motion was

made *(see, Golser v Golser,* 115 AD2d 695; *see also, Harrell v Koppers Co.,* 154 AD2d 340; *Bassett v Bando Sangsa Co.,* 103 AD2d 728). The motion was thus not subject to the same time limitations as a motion seeking reargument, and the court did not improvidently exercise its discretion in entertaining it *(see, Golser v Golser, supra; Weaver v State of New York,* 112 AD2d 416).

Moreover, contrary to the wife's contention, the court did not err in dismissing her counterclaim for offsets. It is well established that the same rules of construction applicable to contracts generally apply in the interpretation of separation agreements *(see, Surlak v Surlak,* 95 AD2d 371, 375). Although the court should attempt to effectuate the intent of the parties, where the language of the agreement is unambiguous the court will discern that intent from the document itself *(see, Tantleff v Truscelli,* 110 AD2d 240, 244-245, *affd* 69 NY2d 769). The goal of the court is to interpret the language of the contract in a practical manner such that the parties' reasonable expectations will be realized *(see, Brown Bros. Elec. Contrs. v Beam Constr. Corp.,* 41 NY2d 397, 400).

At bar, the parties clearly provided in their separation agreement that if either owed any additional taxes as a result of an audit of their previous joint tax returns, the party whose income or deductions were called into question would be responsible for all costs resulting therefrom. Since the tax deficiency resulted from improper deductions taken by the wife, the court properly concluded that she was solely liable for its payment. Moreover, in view of the fact that the separation agreement contained no provision permitting offsets in such circumstances, to permit such offsets would be contrary to the parties' separation agreement *(see, Surlak v Surlak, supra).*

Further, we find that the court properly awarded attorneys' fees to the husband pursuant to the parties' separation agreement since the wife defaulted in performing her obligations under the agreement, thereby obligating the husband to seek a judicial declaration of his rights. Moreover, the parties agreed to permit the court to determine the reasonable value of the services performed by the husband's attorney based upon counsel's affirmation of services and documentary evidence including time and billing records, and upon our review of the record, we cannot say that the court improvidently exercised its discretion in granting the husband $20,000 in attorneys' fees *(see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879;

*Hovanec Bldrs. & Developers Corp. v Hines,* 173 AD2d 951). Harwood, J. P., Lawrence, Eiber and Balletta, JJ., concur.