■ DRYDEN CENTRAL SCHOOL DISTRICT et al., Respondents, v DRYDEN AQUATIC RACING TEAM, Also Known as DART SWIM CLUB, et al., Appellants, et al., Defendants. [600 NYS2d 388] — Levine, J. Appeal from a judgment of the Supreme Court (Relihan Jr., J.), entered July 10, 1992 in Tompkins County, which granted plaintiffs' motion for summary judgment and made a declaration in plaintiffs' favor.

In 1987, plaintiff Dryden Central School District (hereinafter Dryden) entered into an agreement with defendant Dryden

Aquatic Racing Team (hereinafter DART), a member swim club of defendant United States Swimming (hereinafter USS), granting DART permission to use the Dryden pool for its swim program and, in exchange, DART agreed to provide comprehensive liability insurance to Dryden. DART and USS procured a commercial general liability policy from Lexington Insurance Company (hereinafter Lexington), a "claims made" policy (hereinafter the Lexington policy), which is at the center of this dispute. The stated period of that policy was December 31, 1989 to December 31, 1990. A certificate of insurance was issued by Jardine Insurance Brokers Arizona Inc. (hereinafter Jardine), dated March 20, 1990, reciting the identical policy period and naming Dryden as an additional insured under the Lexington policy.

On February 13, 1990 Laurren LaPadula, a minor, sustained injuries when she dove into the shallow end of the Dryden swimming pool during a DART-authorized practice. On March 19, 1990, LaPadula's parents submitted a claim for her medical expenses related to her injuries to an agent of USS. Dryden first received a written notice of claim from LaPadula and her parents on April 23, 1990 for liability for personal injuries, medical expenses and damages related to that diving accident. The LaPadulas commenced a negligence action against Dryden, DART and USS in October 1991 for the injuries sustained by LaPadula in the diving accident.

Dryden and plaintiff American Manufacturers Mutual Insurance Company (hereinafter American), Dryden's insurer, commenced the instant declaratory judgment action seeking a declaration, *inter alia,* that Dryden is an insured under the Lexington policy and that Lexington is obligated to defend and indemnify Dryden on the LaPadula claim. Dryden subsequently demanded the defense of the LaPadula action by Lexington under the Lexington policy, which Lexington refused.

After discovery was completed, plaintiffs moved for summary judgment in their declaratory judgment action, arguing that Dryden was entitled to be defended and indemnified by Lexington under the Lexington policy because the injury (and claim therefor) occurred during the policy period and during an insured activity and that Dryden was an additional insured under that policy. Defendants opposed the motion, arguing that triable issues of fact exist regarding the parties' understanding and intentions with respect to the March 20, 1990 certificate of insurance. Defendants relied primarily on the affidavit of Carolyn Blummit, a senior account manager for

Jardine, stating that it was never the intention of herself, Lexington or Jardine to have that certificate of insurance extend coverage retroactively for the February 13, 1990 accident.

Supreme Court granted plaintiffs' motion and declared that Dryden was entitled to be defended and indemnified by Lexington under the Lexington policy, holding that the February 13, 1990 accident and filing of the claim therefor occurred during the December 31, 1989 to December 31, 1990 policy period. Supreme Court further concluded that Blummit's affidavit failed to raise a material question of fact as to whether Lexington intended to exclude from coverage all occurrences prior to March 20, 1990 (the date of the certificate of insurance) where the certificate unambiguously recited the same December 31, 1989 to December 31, 1990 policy period as the policy itself. DART, USS and Lexington (hereinafter collectively referred to as defendants) now appeal. We affirm.

Defendants' principal contention on appeal is that they have raised a question of fact precluding summary judgment regarding the existence of coverage under the Lexington policy for claims against Dryden made prior to the March 20, 1990 date of the certificate of insurance naming Dryden as an additional insured. Defendants contend that, under the terms of the Lexington policy, the March 19, 1990 claim to USS for medical expenses was a claim "deemed to have been made" under the policy. They further argue that there is no coverage of Dryden for liability arising out of the LaPadula accident because the foregoing claim was interposed one day prior to the issuance of the certificate of insurance naming Dryden as an additional insured. We disagree.

The Lexington policy is a "claims made" policy, pursuant to which Lexington agreed to provide coverage and indemnify and defend Dryden if a claim was made during the policy period (see, Frederick v Clark, 150 AD2d 981, lv dismissed 74 NY2d 892; see also, Rochwarger v National Union Fire Ins. Co., 192 AD2d 305). Under the Lexington policy, a claim is deemed to have been made when written notice of such claim is received by the insured or Lexington, whichever occurs earlier. The policy, like the certificate of insurance which referenced the policy by number, clearly specified the policy period of December 31, 1989 to December 31, 1990. It is uncontroverted that the accident occurred during the policy period on February 13, 1990 and that the LaPadulas first filed a liability claim with Dryden during the policy period on April 23, 1990 as required for coverage under the policy. Further,

and despite defendants' claims, neither the certificate nor the policy can be read to limit coverage to claims made after the date of the certificate of insurance and, therefore, even if the LaPadula medical expense claim of March 19, 1990 is "deemed to have been made" against an insured under the policy, as defendants urge, that claim still falls within the policy period.

The fact that the certificate of insurance is dated March 20, 1990 did not alter the clear effective dates and policy period specified in the policy and certificate of insurance and did not give rise to an ambiguity in the certificate. It is well settled that courts will first look to the express contract language used to give effect to the intention of the parties, and where the language of a contract is clear and unambiguous, the court will construe and discern that intent from the document itself as a matter of law (see, Frederick v Clark, supra, at 982; see also, Gillman v O'Connell, 176 AD2d 305, 307). Because the certificate of insurance, like the policy, clearly and unambiguously states the effective dates and provides for coverage for claims made during the policy period, the LaPadula claim against Dryden is covered as a matter of law. Moreover, there is no evidence that Lexington ever communicated an intent to limit Dryden's coverage to claims made after the issuance of the certificate of insurance. Blummit's subjective and uncommunicated understanding in that regard cannot alter the express and clear terms of the certificate, and does not create a material question of fact as to the meaning of the Lexington policy or certificate of insurance (see, Hudson-Port Ewen Assocs. v Chien Kuo, 165 AD2d 301, 305, affd 78 NY2d 944).

Furthermore, defendants are precluded from arguing that the LaPadula claim falls within an exclusion in the Lexington policy, a point first raised on appeal, where Lexington does not dispute that it never disclaimed coverage on this ground (or notified Dryden of its intent to do so) and failed to argue this issue in its submission in opposition to Dryden's motion (see, General Acc. Ins. Group v Cirucci, 46 NY2d 862, 864; Fabian v MVAIC, 111 AD2d 366).

Weiss, P. J., Crew III, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.