■ B.T.R. EAST GREENBUSH, INC., et al., Respondents, v GENERAL ACCIDENT COMPANY et al., Appellants, et al., Defendants. [615 NYS2d 120] —Cardona, P. J., Appeal from an order of the Supreme Court (Canfield, J.), entered August 30, 1993 in Albany County, which granted plaintiffs' motion for summary judgment.

Plaintiffs were the owner and general contractor on a shopping center construction project in the Town of East Greenbush, Rensselaer County. Defendant D.L. Meacham Company, Inc. (hereinafter Meacham) was a steel fabricator on the project. Meacham procured a general comprehensive liability insurance policy from defendant General Accident Company which named Meacham and Donald L. Meacham as insureds. The stated period of that policy was December 23, 1987 to December 23, 1988. A certificate of insurance naming plaintiffs as additional insureds and reciting the identical policy period was issued by General Accident on June 17, 1988.

On June 16, 1988, defendant Theodore Sulem, II, an employee of Meacham, was injured while working on the project site. Sulem commenced a personal injury action against plaintiffs in which Meacham was joined as a third party. Plaintiffs commenced the instant declaratory judgment action seeking a declaration that they are insured under the General Accident policy and that General Accident is obligated to defend and indemnify them on the Sulem claim.

Plaintiffs moved for summary judgment. General Accident and Meacham (hereinafter collectively referred to as defendants) opposed the motion and requested summary judgment declaring that plaintiffs were not insureds under the General Accident policy. Supreme Court found that the Sulem claim fell within the stated policy period which was unambiguously set forth in both the policy and the certificate. The court determined that the policy period rather than the certificate date controlled and granted plaintiffs' motion. Defendants appeal.

Defendants argue that the form language in the certificate does not confer rights upon the certificate holder nor "amend, extend or alter the coverage afforded by the policies". Defendants also contend that the certificate's issuance date supports their claim that plaintiffs were not insureds under the General Accident policy on the date Sulem was injured. However, they offer no extrinsic evidence of General Accident's intent that the issuance date was controlling or that the general language superseded the designation of plaintiffs as additional insureds.

"Summary judgment is not limited to those cases where the contract is free from ambiguity and not subject to differing interpretations (see, Sutton v East Riv. Sav. Bank, 55 NY2d 550; Bensons Plaza v Great Atl. & Pac. Tea Co., 44 NY2d 791; Laba v Carey, 29 NY2d 302)" (Hudson-Port Ewen Assocs. v Chien Kuo, 165 AD2d 301, 303, affd 78 NY2d 944). Because resolution of the ambiguities existing in the certificate does not depend on extrinsic evidence, they are susceptible to determination as a matter of law on the basis of the certificate alone (see, supra, at 303).

The only reasonable interpretation to be given the phrase "ADDITIONAL INSURED" followed by plaintiffs' names is that General Accident meant to extend coverage to them under the terms of its policy. "Because the certificate of insurance, like the policy, clearly and unambiguously states the effective dates and provides for coverage for claims [occurring] during

the policy period, the [Sulem] claim against [plaintiffs] is covered as a matter of law" *(Dryden Cent. School Dist. v Dryden Aquatic Racing Team,* 195 AD2d 790, 793).

Finally, defendants' severability argument, raised for the first time on appeal, is not properly before us since they failed to argue this issue in their submission in opposition to plaintiffs' motion *(see, supra).*

Crew III, Casey, Weiss and Peters, JJ., concur. Ordered that the order is affirmed, with costs.