■ JOYCE M. BURMEISTER, Respondent, v JOHN H. BURMEISTER, JR., Appellant. [627 NYS2d 560] —In a matrimonial action in which the parties were divorced by judgment entered in 1983, the defendant appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated July 30, 1992, as awarded the plaintiff child support arrears in the sum of $6,166.24 and counsel fees in the sum of $750, and (2) so much of an order of the same court, dated July 30, 1993, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated July 30, 1992, is dismissed, without costs or disbursements, as that order was

superseded by the order dated July 30, 1993, made upon reargument; and it is further,

Ordered that the order dated July 30, 1993, is affirmed insofar as appealed from, without costs or disbursements.

In interpreting a separation agreement, "[t]he goal of the court is to interpret the language * * * in a practical manner such that the parties' reasonable expectations will be realized" *(Gillman v O'Connell,* 176 AD2d 305, 307). We agree with the Supreme Court that the parties' separation agreement requires the father to make cost of living increases in his child support payments on the basis of his 1983 salary, not his 1987 salary.

We have considered the father's remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, O'Brien and Hart, JJ., concur.