■ ADAM GLASSMAN, Appellant, v LEAR PUBLISHING, INC., Respondent. [633 NYS2d 299] —Order, Supreme Court, New York County (Walter Schackman, J.), entered January 20, 1995, after a nonjury trial, finding for the defendant and dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was employed by defendant pursuant to a letter agreement under which plaintiff was to receive a salary raise after four months, "[a]ssuming the initial period of employment goes well." Plaintiff contended at trial that he was to receive the raise automatically if he were still employed after four months, while defendant interpreted the language to mean that plaintiff would receive a raise only if the magazine became profitable. This factual question was determined by the trial court in defendant's favor after considering the context in which the words were used, the relations of the parties and the surrounding circumstances (*see, Bray Terms. v Grand Union Co.*, 74 AD2d 965, 966). We cannot say that the court's construction was against the weight of the evidence. The court found that soon after the four months of plaintiff's employment had expired, he met with defendant's founder and editor-in-chief to discuss the proposed salary increase. Plaintiff was then given the option of leaving with a full severance package, or staying on at his original salary, and he elected to stay. The court's finding of waiver is supported by the circumstance that plaintiff did not raise the salary increase issue again until his employment was terminated two years later. We note, as did the Trial Justice, that plaintiff's severance package was calculated on the basis of plaintiff's starting salary, not the proposed increased salary. "A waiver * * * may be accomplished by express agreement or by such conduct or failure to act as to evince an intent not to claim the purported advantage." (*Hadden v Consolidated Edison Co.*, 45 NY2d 466, 469.) Concur—Rosenberger, J. P., Rubin, Kupferman and Williams, JJ.