■ WILLIAM D. ROTBLUT, Respondent, v CONNECTICUT GENERAL LIFE INSURANCE COMPANY et al., Appellants. [641 NYS2d 137] —In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Nassau County (Kingston, J.), dated January 18, 1995, which granted the branch of the plaintiff's motion which was for summary judgment directing the defendants to continue to waive the plaintiff's premiums for his accident and health insurance coverage and denied their cross motion for summary judgment dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The defendant Connecticut General Life Insurance Company (hereinafter Connecticut General) provided disability, accident, and health insurance to members of the New York State Society of Certified Public Accountants. As a member of this society, the plaintiff obtained disability, accident, and health insurance through Connecticut General's group policy. The plaintiff also obtained dependant medical insurance benefits.

One subheading under the disability coverage, entitled "WAIVER OF PREMIUM", provided as follows: "The company will waive the payment of any premium which becomes due during a period of total disability for which Weekly Indemnity is payable hereunder, provided the insured has been continuously and totally disabled for at least 6 months prior to the date the premium was due".

As of January 1, 1984, the plaintiff became totally disabled and ceased making premium payments. The plaintiff's premium payments were waived for nine years, during which time the plaintiff enjoyed the benefits of the disability, ac-

cident, and health coverage provided under the policy. In December 1992 Connecticut General refused to continue to waive the premiums for the accident and health insurance. The plaintiff commenced this action as a result of the alleged breach of the insurance contract.

Connecticut General argues that since the policy is divided into separate and distinct sections, the language in one section is not necessarily applicable to another section. The waiver provision in the policy appears only in the disability coverage section of the policy and is absent from the accident and health insurance portions of the policy. The plaintiff asserts that the phrase "any premium" encompasses all premiums owed, not just disability premiums. We agree.

As a general rule, a contract is entire when by its terms, nature, and purpose, it contemplates and intends that each and all of its parts and the consideration therefor shall be common each to the other and interdependent (*see, First Sav. & Loan Assn. v American Home Assur. Co.,* 29 NY2d 297, 299-300). It is also well settled that clear and unambiguous provisions must be given their plain and ordinary meaning and courts should refrain from rewriting the agreement (*see, Johnson v Home Indem. Co.,* 196 AD2d 627, 628). Further, while the insured is entitled to the benefit of any ambiguity that might appear in an insurance policy, the court should not strain to find an ambiguity where the language of the policy is clear and precise (*see, Pergament Distribs. v Old Republic Ins. Co.,* 128 AD2d 760, 761). Here, the policy is clear and unambiguous that the "Waiver of Premium" provision found in the disability section of the insurance policy pertained to "any premium which became due under the policy" and thus applied to all parts of the policy. Thus, summary judgment on this issue was properly granted in the plaintiff's favor (*see, Caporino v Travelers Ins. Co.,* 62 NY2d 234, 239).

The defendants' remaining contentions are without merit. Sullivan, J. P., Pizzuto, Joy and Krausman, JJ., concur.