■ ADF CONSTRUCTION CORPORATION, Respondent, v HOME INSULATION AND SUPPLY, INC., Respondent, and GENERAL ACCIDENT INSURANCE COMPANY et al., Appellants. [656 NYS2d 1010] —Judgment unanimously reversed on the law with costs, motion denied and judgment granted in accordance with the following Memorandum: Plaintiff, a defendant in an underlying personal injury action, commenced this action seeking, *inter alia,* a judgment declaring that General Accident Insurance Company and Camden Fire Insurance Association (defendants) must defend and indemnify plaintiff as an additional insured under a commercial general liability policy. Defendants appeal from a judgment granting plaintiff's motion for summary judgment declaring that defendants must defend and indemnify plaintiff.

We conclude that defendants have no duty to defend and indemnify plaintiff. As the insurance documents unambiguously provide, plaintiff was not named as an additional insured under the policy until two months after the accident for which plaintiff seeks coverage. The accident occurred on January 12, 1993, but the "Request for Change" form and the subsequently issued "Policy Changes" endorsement explicitly state that plaintiff was added as an insured effective March 12, 1993.

The Third Department cases relied upon by plaintiff and Supreme Court are distinguishable. In each of those cases, the sole proof on the issue whether the plaintiff was an additional insured was an insurance certificate that denominated plaintiff as such and set forth the entire policy period, but which did not set forth an effective date for the addition of the plaintiff as an insured. In each of those cases, the insurer failed to submit other insurance documents showing that the plaintiff had been added as an insured effective as of a date after the accident (see, B.T.R. E. Greenbush v General Acc. Co., 206 AD2d 791, 792-793, lv denied 84 NY2d 808; Dryden Cent. School Dist. v Dryden Aquatic Racing Team, 195 AD2d 790). Here, in contrast, defendants have submitted insurance documents that conclusively establish that plaintiff was not an additional insured under the policy on the date of the accident. We therefore reverse the judgment, deny plaintiff's motion for summary judgment and grant judgment in favor of defendants declaring that they are not obligated to defend and indemnify plaintiff as an additional insured under a commercial general liability policy. (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.