■ WILLIAM LIPTON et al., Respondents, v RISING SUN DEVELOPMENT CORP. et al., Appellants. [658 NYS2d 983] —In an action to recover damages for breach of contract, the defendants appeal from (1) a decision of the Supreme Court, Putnam County (Hickman, J.), dated February 5, 1996, and (2) a judgment of the same court, entered March 25, 1996, which upon submitted statements of fact, is in favor of the plaintiff and against the defendants Rising Sun Development Corp., and Signorino Longhitano in the principal amounts of $188,500 and $2,000, respectively.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

It is well settled that a court should not strain to find an ambiguity where the language of the policy is clear and precise (see, Rotblut v Connecticut Gen. Life Ins. Co., 226 AD2d 617). The question of whether a writing is ambiguous is one of law to be resolved by the courts, and the rules governing the construction of ambiguous contracts are not triggered unless the court first finds an ambiguity (see, Matter of Wallace v 600 Partners Co., 86 NY2d 543, 548). Here, we find that the plaintiffs were entitled to the sums awarded under the plain meaning of the agreement between the parties and the rider attached thereto.

We have reviewed the defendants' remaining contentions

and find them to be without merit. Miller, J. P., Ritter, Joy and Krausman, JJ., concur.