◼ FREEDOM CASHIER, INC., Appellant, v FEDERAL INSURANCE COMPANY, Respondent. [693 NYS2d 604] —In an action, *inter alia,* to recover payment under an insurance policy, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated May 8, 1998, which denied its motion for summary judgment and granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant, Federal Insurance Company, provided an insurance policy to the plaintiff, Freedom Cashier, Inc., covering armed robberies of store employees and company officers while such persons were conveying money to and from the plaintiff's premises. The policy was in effect on December 26, 1996, when the plaintiff's vice-president was robbed at gunpoint outside of the plaintiff's premises while carrying a bag containing approximately $38,000. The stolen money was never recovered and the plaintiff promptly put in a claim to recover the money under the provisions of the policy.

The defendant denied coverage contending that an endorsement to the policy, approved by the plaintiff and in effect on the day of the robbery, required that in order to recover under the policy, the robbery must occur while the money is in transit under the protection of an armored motor vehicle service. The plaintiff contends that it is entitled to recovery under the policy because the language of the endorsement and the policy is ambiguous and open to different reasonable interpretations, and therefore must be interpreted in favor of the insured.

Clear and unambiguous provisions in an insurance policy must be given their plain and ordinary meaning and courts should refrain from rewriting the agreement (*see, Johnson v Home Indem. Co.,* 196 AD2d 627). Furthermore, while the insured is entitled to the benefit of any ambiguity that might appear in an insurance policy, the court should not strain to find an ambuiguity where the language is clear and precise (*see, Rotblut v Connecticut Gen. Life Ins. Co.,* 226 AD2d 617). Here, the policy is clear and unambiguous that, absent emergency circumstances, the plaintiff must employ an armored motor vehicle service when transporting money to and from its premises. No emergency situation has been claimed by the plaintiff and such a service was not used on the date of the robbery. Thus, the defendant was entitled to summary judgment (*see, Caporino v Travelers Ins. Co.,* 62 NY2d 234; *Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.