■ SEAN FLAHERTY et al., Plaintiffs, v YASAR CINAR et al., Defendants and Third-Party Plaintiffs-Respondents. CONNECTICUT INDEMNITY Co., Third-Party Defendant-Appellant, et al., Third-Party Defendants. [702 NYS2d 902] —In an action to recover damages for personal injuries, the third-party defendant Connecticut Indemnity Co. appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered December 7, 1998, which denied its motion for summary judgment dismissing the third-party complaint insofar as asserted against it.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiffs commenced this action to recover damages for injuries allegedly sustained in a vehicular collision which took place on June 30, 1995. The third-party defendant Connecticut Indemnity Co. (hereinafter Connecticut Indemnity) contends, *inter alia*, that it is not obligated to indemnify or defend the defendants because the policy which it issued to them was not effective until July 1, 1995, i.e., the day following the accident.

The copy of the policy which Connecticut Indemnity submitted in support of its motion for summary judgment, however, recites a policy period commencing June 30, 1995, even though the certificate of insurance issued in conjunction with the policy states an effective date of July 1, 1995. Accordingly, Connecticut Indemnity failed to demonstrate its prima facie entitlement to summary judgment, since there is a question of fact as to whether it insured the defendants' vehicle on the date of the accident (*see generally, Freedom Cashier v Federal Ins. Co.,* 262 AD2d 353; *B.T.R. E. Greenbush v General Acc. Co.,* 206

AD2d 791; *Dryden Cent. School Dist. v Dryden Aquatic Racing Team,* 195 AD2d 790; *see also, Zuckerman v City of New York,* 49 NY2d 557).

Connecticut Indemnity's remaining contention is without merit. Santucci, J. P., S. Miller, Luciano and Feuerstein, JJ., concur.