■ CESAR DUMET, an Infant, by His Mother and Natural Guardian, AMARALIS DUMET, et al., Respondents, v TIG INSURANCE Co., Appellant. [710 NYS2d 18] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered January 11, 1999, which denied defendant's motion for summary judgment and granted plaintiffs' cross motion for summary judgment, unanimously modified, on the law, plaintiffs' cross motion denied, and otherwise affirmed, without costs.

This action seeks a declaration that defendant insurer is obligated to defend and indemnify Sherman Estates in another action (Dumet II) brought by the infant plaintiff to recover damages for injury from lead-paint ingestion. Said plaintiff and his family are tenants of an apartment in the building owned and operated by Sherman.

A still earlier action (Dumet I) was brought by this infant against the same landlord for similar lead-paint-related injuries sustained at the same location from February 25, 1985 through February 25, 1987. Liability insurance coverage for the Dumet I period was provided by Aetna Insurance Company, which undertook sole responsibility for the defense. Aetna eventually settled Dumet I for $818,000, under an arrangement whereby the infant plaintiff reserved all rights to further

recovery for injuries he might suffer and incur subsequent to February 1987. Dumet II alleged continued exposure and additional injury to the infant from March 20, 1987 to March 20, 1989, for which period defendant had succeeded Aetna on the risk. This latest action (Dumet III) seeks to declare defendant's obligation for the indemnification and defense of Sherman in Dumet II.

It is undisputed that defendant's policy required the insured, or someone on its behalf, to give both "notice of occurrence" of any incident which might give rise to liability, and additional "notice of claim" when any demand or lawsuit was received by the insured. We agree with the IAS Court that Aetna's letter to defendant in September 1992 was, as a matter of law, sufficient notice of occurrence of Sherman's liability and the insurer's risk exposure. We do not find that this carefully drafted letter from Aetna, which can be regarded as Sherman's agent in this context, suffered from any of the significant or material shortcomings we delineated in *Public Serv. Mut. Ins. Co. v AYFAS Realty Corp.* (234 AD2d 226, *lv dismissed* 90 NY2d 844). However, we disagree with the IAS Court that the controversy as to the timeliness of the notice of claim and defendant's ensuing disclaimer can be resolved as a matter of law.

Plaintiffs' contention that defendant's October 1997 disclaimer was untimely as a matter of law is entirely dependent upon the validity of their assertion that they gave defendant notice of the "claim" in their letter of June 1997. If defendant, despite its denial, is found to have received that letter, plaintiffs may be entitled to prevail because defendant would have no justification for its four-month delay in disclaiming coverage. On the other hand, if defendant did not receive notice until October 1997, that notice would itself be untimely as a matter of law (*see, Elkowitz v Farm Family Mut. Ins. Co.*, 180 AD2d 711; *Greater N. Y. Mut. Ins. Co. v Farrauto*, 158 AD2d 514), and defendant's disclaimer 24 days later, rejecting the notice of the "claim" as untimely, would raise at least an issue of fact as to whether the disclaimer was noticed within a reasonable period of time (Insurance Law § 3420 [d]). Concur—Rosenberger, J. P., Wallach, Andrias and Friedman, JJ.