■ JAVA STREET REALTY, INC., Appellant-Respondent, v NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION et al., Respondents, BANK LEUMI TRUST COMPANY OF NEW YORK, Respondent-Appellant, et al., Defendants. (And a Third-Party Action.) [794 NYS2d 420]—

In an action, inter alia, for specific performance and to recover damages for breach of contract, (1) the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated November 10, 2003, as granted those branches of the motion of the defendants New York City Economic Development Corporation and New York City Industrial Agency and the separate motion of the defendant Bank Leumi Trust Company of New York which were for summary judgment dismissing the first, second, and third causes of action insofar as asserted against them, and denied its cross motion for summary judgment on those causes of action, and (2) the defendant Bank Leumi Trust Company of New York cross-appeals from so much of the same order as denied that branch of its motion which was for summary judgment on its counterclaim.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the respondents payable by the appellant-respondent and the respondent-appellant.

The pertinent language set forth in the notice of appearance and stipulation dated April 27, 1995 (hereinafter the stipulation) entered into between the defendants Bank Leumi Trust Company of New York (hereinafter the Bank) and New York City Industrial Development Agency (hereinafter the IDA), required, inter alia, the IDA to consent to the foreclosure of two parcels of real property to which it held title and to which the Bank held the mortgage and loan documents, if the purchaser of an adjacent parcel, to which the IDA also held title and the Bank also held the mortgage and loan documents, entered into a contract to purchase those parcels. As a matter of law, the pertinent language in the stipulation was not ambiguous (*see R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29 [2002]; *Matter of Wallace v 600 Partners Co.*, 86 NY2d 543 [1995]; *Lipton v Rising Sun Dev. Corp.*, 239 AD2d 564 [1997]).

The IDA's duty to consent was not triggered by the plaintiff's entering into a contract with the Bank to purchase the mortgage and loan documents for those two parcels. Further, because the plaintiff did not complete its purchase of the loan documents, the IDA's duty to consent never arose. Accordingly, the first,

second, and third causes of action, which seek specific performance and damages arising out of the alleged breach of contract, are barred.

Although the Bank established as a matter of law that it was entitled to retain, as liquidated damages, the plaintiff's 25% down payment for the purchase of the two parcels' mortgage and loan documents, the plaintiff raised a triable issue of fact as to whether the damages provision was "a reasonable measure of the anticipated probable harm" (*BDO Seidman v Hirshberg*, 93 NY2d 382, 396 [1999] [internal quotation marks omitted]), or an unenforceable penalty (*id.; see Irving Tire Co.·v Stage II Apparel Corp.*, 230 AD2d 772 [1996]). Accordingly, that branch of the Bank's motion which was for summary judgment on its counterclaim was properly denied.

The parties' remaining contentions are without merit. Cozier, J.P., S. Miller, Mastro and Skelos, JJ., concur.