■ STATE FARM FIRE & CASUALTY INSURANCE COMPANY, Appellant, v SPIRIDOU MEIS et al., Defendants, and ELO ORGANIZATION, LLC, Respondent. [805 NYS2d 553]—

In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant Elo Organization, LLC, in an action entitled *Meis v Elo Org., LLC,* pending

in the Supreme Court, New York County, under index No. 116571/96, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), entered September 23, 2004, which denied its motion for summary judgment as premature, with leave to renew upon the completion of discovery.

Ordered that the order is affirmed, with costs.

The plaintiff, State Farm Fire & Casualty Company (hereinafter State Farm), failed to establish its prima facie entitlement to summary judgment declaring that it is not obligated to defend and indemnify Elo Organization, LLC (hereinafter Elo), in the underlying personal injury action. The proof submitted in support of the motion for summary judgment did not establish as a matter of law that on June 5, 1996, the date of the accident, Elo was not an insured party under the insurance policy issued by State Farm to the defendant Spartan Plumbing & Heating, Inc. Consequently, State Farm's motion for summary judgment was properly denied (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *cf. B.T.R. E. Greenbush v General Acc. Co.*, 206 AD2d 791 [1994]). Even assuming that State Farm made a prima facie showing of its entitlement to judgment as a matter of law, the court providently exercised its discretion in denying the motion as premature, with leave to renew following discovery (*see* CPLR 3212 [f]; *Smith v City of New York*, 133 AD2d 818, 819-820 [1987]). Florio, J.P., Crane, Mastro and Rivera, JJ., concur.