■ TRAVELERS INSURANCE COMPANY et al., Appellants-Respondents, v UTICA MUTUAL INSURANCE COMPANY, Respondent-Appellant, et al., Defendant. [811 NYS2d 744]—

In an action, inter alia, for a judgment declaring that Utica Mutual Insurance Company is obligated to defend and indemnify the plaintiff Long Island Water Corporation in an action entitled *Long v Long Island Water Corp.*, pending in the Supreme Court, Suffolk County, under index Number 02-07671, (a) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated February 2, 2005, as denied their cross motion for summary judgment declaring that the plaintiff Long Island Water Corporation was an additional insured on the date of the underlying accident on the general commercial liability policy issued by the defendant Utica Mutual Insurance Company for the benefit of nonparty Wire to Water, Inc., and declaring that the plaintiff Travelers Insurance Company and the defendant Utica Mutual Insurance Company were co-primary insurers of the plaintiff Long Island Water Corporation, and (b) the defendant Utica Mutual Insurance Company cross-appeals from so much of the same order as denied its motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements.

The defendant Matthew Long allegedly sustained injuries on July 3, 2001 while performing electrical work at the premises of the plaintiff Long Island Water Corporation (hereinafter LI Water). Long was then working as an employee of nonparty Wire to Water, Inc. (hereinafter Wire), and he commenced an action

to recover damages from LI Water (hereinafter the underlying action).

The plaintiffs LI Water and its insurer Travelers Insurance Company (hereinafter Travelers) instituted this action seeking a judgment declaring, inter alia, that the defendant Utica Mutual Insurance Company (hereinafter Utica) was obligated to defend and indemnify LI Water in the underlying action. They argued that LI Water was an "additional insured" under an "occurrence based" general commercial liability policy effective from January 24, 2001 to January 24, 2002 (hereinafter the Utica policy), issued by the defendant Utica to Wire, and that Utica was therefore required to defend and indemnify LI Water in the underlying action.

Utica moved, inter alia, for summary judgment contending that (1) pursuant to a certificate of liability insurance dated July 5, 2001 (hereinafter the certificate), LI Water was not named as an "additional insured" on the Utica policy until two days after Long's accident, and (2) the purchase order from LI Water to Wire did not specifically require Wire to name LI Water as an additional insured on the Utica policy. The plaintiffs cross-moved for summary judgment declaring that (1) LI Water was an additional insured on the Utica policy on the date of Long's accident, and (2) Travelers and Utica were co-primary insurers of LI Water. The Supreme Court denied both motions finding, inter alia, that questions of fact precluded a determination as to whether LI Water was an additional insured on the Utica policy on the date of Long's accident.

An ambiguity exists as to whether LI Water became an additional insured effective as of the date of the certificate, July 5, 2001, or the effective date of the Utica policy, January 24, 2001. Although the certificate only lists the effective dates of the Utica policy, January 24, 2001 to January 24, 2002, it does not specifically indicate the date on which it became effective (*see State Farm Fire & Cas. Ins. Co. v Meis*, 23 AD3d 372 [2005]; *Morrison-Knudsen Co. v Continental Cas. Co.*, 181 AD2d 500 [1992]; *cf. B.T.R. E. Greenbush v General Acc. Co.*, 206 AD2d 791, 792-793 [1994]; *Dryden Cent. School Dist. v Dryden Aquatic Racing Team*, 195 AD2d 790, 793 [1993]). Nor is there evidence that an endorsement was ever issued specifically adding LI Water as an additional insured on the Utica policy (*cf. ADF Constr. Corp. v Home Insulation & Supply*, 237 AD2d 915 [1997]). Additionally, a stipulation relied upon by the plaintiffs provides only that the certificate is binding, but does not resolve the effective date of the certificate. Further, although the March 11, 2001 purchase order from LI Water to Wire did not specifically

obligate Wire to name LI Water as an additional insured on the Utica policy, correspondence from Travelers suggests that LI Water and Wire may have had an oral contract requiring Wire to name LI Water as an additional insured on the Utica policy. Thus, a question of fact exists as to whether the parties intended LI Water to be an additional insured throughout the period of the Utica policy (*see Penske Truck Leasing Co. v Home Ins. Co.*, 251 AD2d 478, 479 [1998]; *cf. Stabile v Viener*, 291 AD2d 395, 396 [2002]). Accordingly, the Supreme Court correctly denied the motions and cross motions for summary judgment (*see Flaherty v Cinar*, 269 AD2d 421 [2000]).

In light of our determination, we need not reach the parties' remaining contentions. Crane, J.P., Krausman, Rivera and Dillon, JJ., concur.