■ CENTRAL IRRIGATION SUPPLY, Appellant, v PUTNAM COUNTRY CLUB ASSOCIATES, LLC, Respondent. [812 NYS2d 633]—

In an action to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated February 28, 2005, as granted that branch of the defendant's renewed motion which was for summary judgment on the issue of liability with respect to its first counterclaim to recover liquidated damages under the parties' contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability with respect to its first counterclaim to recover under the liquidated damages provision of the parties' contract, by demonstrating that the plaintiff did not complete the relevant work called for by the contract by the date set forth therein (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157 [1990]; *Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact. In particular, the affidavit of the plaintiff's principal in opposition to that branch of the defendant's renewed motion which was for summary judgment on the issue of liability with respect to its first counterclaim was an attempt to avoid the consequences of earlier admissions he made in his examination before trial, by raising feigned issues which were insufficient to defeat that branch of the motion (*see Abramov v Miral Corp.,* 24 AD3d 397 [2005]).

The Supreme Court denied that branch of the defendant's motion which was for a judgment in the amount of approximately $180,000, which the defendant claimed was due to it under the liquidated damages provision of the subject contract. The Supreme Court determined that the defendant had not, in its submissions to that point, made a satisfactory demonstration of its entitlement to that amount. The defendant did not cross-appeal from that portion of the Supreme Court's order, but on appeal, it asks this Court to modify the order to award it the full amount of liquidated damages to which it claims it is entitled. Although this Court is empowered to search the record and award summary judgment in favor of nonappealing parties (*see Karan v Hoskins,* 22 AD3d 638, 639 [2005]), contrary to the defendant's contention, triable issues of fact exist which preclude such relief, such as whether the subject liquidated damages provision was a reasonable measure of the anticipated probable harm, or an unenforceable penalty (*see Java St. Realty, Inc. v New York City Economic Dev. Corp.,* 18 AD3d 437, 439 [2005]). Miller, J.P., Crane, Luciano and Rivera, JJ., concur.