■ CITY OF NEW YORK, Respondent, v GENERAL STAR INDEMNITY COMPANY, Appellant. [846 NYS2d 125]—Order and judgment (one paper), Supreme Court, New York County (Michael D. Stallman, J.), entered on or about July 19, 2006, granting plaintiff insured's motion for summary judgment, and declaring that defendant insurer is obligated to defend and indemnify plaintiff in a certain underlying action, unanimously reversed, on the law, without costs, the judgment vacated, and the motion for summary judgment denied.

While the motion court correctly held that the additional insured endorsement on which plaintiff relies is part of the policy under which plaintiff claims coverage, an issue of fact as

to coverage is raised by ambiguities in the endorsement and the post-accident dating of the certificate of insurance issued to plaintiff (*see Travelers Ins. Co. v Utica Mut. Ins. Co.*, 27 AD3d 456, 457 [2006]). Assuming coverage, an issue of fact also exists as to the timeliness of defendant's disclaimer of coverage (*see Dumet v TIG Ins. Co.*, 272 AD2d 111, 112 [2000]). Proof of the named insured's earlier receipt of plaintiff's claim letter does not establish concurrent receipt by defendant, who claims to have first received the claim letter in a fax sent 23 days before it issued its disclaimer. Concur—Tom, J.P., Mazzarelli, Saxe, Nardelli and Kavanagh, JJ.