SAMUEL ACKERMANN, Plaintiff, *v.* UNION BANK OF SWITZERLAND et al., Defendants.

Supreme Court, Special Term, New York County, November 17, 1948.

*Benjamin Levin* and *Julius B. Weigert* for plaintiff.

*William F. Clare, Jr.,* and *Anthony E. Syz* for Union Bank of Switzerland, defendant.

EDER, J. Motion to strike out second, fourth and sixth defenses as insufficient in law, or as irrelevant, sham and prejudicial, and first and second counterclaims on the ground they do not state facts sufficient to constitute causes of action, is denied.

These defenses and counterclaims involve a construction and interpretation of the Swiss Code of Obligations and of the positive and decisional law of Switzerland. The court should not, on a mere practice motion, undertake this task. It is more appropriate and proper and deemed to be in the best interests of justice that direct proof of the foreign law should be made on the trial of the action.

While section 344-a of the Civil Practice Act authorizes the court to take judicial notice of foreign law and to acquaint itself therewith by independent research, in the exercise of discretion, due caution in this respect dictates that formal proof of the foreign law be required to be made.

As to the fifth separate defense, the motion is granted and this defense is stricken out. In brief, this defense is to the effect that the maintenance of this action, in the State of New York, is a burden on foreign commerce and violates the third clause of section 8 of article I of the National Constitution.

I see no merit to this contention. Under the ruling in *Matter of Banque de France* v. *Supreme Court of N. Y.* (287 N. Y. 483), plaintiff may maintain this action in this forum.

Settle order.