MOLLIE COHEN et al., Respondents, et al., Plaintiff, *v.* JOHN GILBERT et al., Appellants.

First Department, February 16, 1961.

*Jacob J. Milman* of counsel (*Alexander Kosloff,* attorney), for Isaac Cohen, appellant.

*John M. Cunneen* of counsel (*Caverly, Dimond, Dwyer & Lawler,* attorneys), for John Gilbert and another, appellants.

*Richard D. Levidow* of counsel (*Kleinberg & Levidow,* attorneys), for Mollie Cohen and others, respondents.

*Anthony R. Martorano* of counsel (*Alfred Avins* with him on the brief; *Santangelo, Morrision & Martorano,* attorneys), for Elizabeth Bologna and another, respondents.

*Per Curiam.* In this negligence action plaintiffs sought damages for personal injuries. After the charge to the jury the following occurred:

Counsel for defendants-appellants Gilbert and Lindsay stated: "I must respectfully except, your Honor, to that por-

tion of your Honor's charge in which you detailed the rules of the road insofar as speed of vehicles, when they should stop, on the grounds — this is the grounds of my exception, sir — that this accident happened in Lakewood, New Jersey, and there is no evidence before this Court as to the rules governing at and at that location." [*Sic.*]

The court replied: "Well, the rules that the Court has charged are the Rules of the New Jersey Statutes Annotated, and it is the Motor and Vehicle and Traffic Rules of the State of New Jersey."

It is not now disputed that the charge given referred to an obsolete section of the law which had been repealed and was no longer in effect at the time of the accident.

Certain principles may be noticed briefly.

The court may take judicial notice of foreign law or may acquaint itself with such law by independent research (Civ. Prac. Act, § 344-a; *Ackermann* v. *Union Bank of Switzerland*, 193 Misc. 210). It may direct that formal proof thereof be offered on the trial (*Ackermann* v. *Union Bank of Switzerland*, *supra*). Absent either of the alternatives, the court will apply New York law.

If formal proof of foreign law be taken or if the court elects to take judicial notice thereof, it is requisite that such law then be charged to the jury (Civ. Prac. Act, § 344, subd. B, par. 5).

Where there is an exception and a request to charge, the exception must be so stated and the request so framed as to indicate what counsel regards as the error complained of (*Nelson* v. *Rumsey*, 5 A D 2d 460). While it may be debatable whether the exception sufficiently apprised the court of the error of which counsel complained, it cannot be said with reasonable certainty, under the facts and in the circumstances of this case, that it did not result in substantial prejudice to defendants-appellants Gilbert and Lindsay. Moreover, where the court undertakes to charge foreign law as such, it is imperative that such law be charged correctly (cf. *Counihan* v. *Werbelovsky's Sons*, 5 A D 2d 80). Though the defendant-appellant Cohen did not except or raise that question below, and raises it for the first time on this appeal, we are not precluded thereby from considering its possible effect as to such defendant (cf. *Graybar Elec. Co.* v. *New Amsterdam Cas. Co.*, 292 N. Y. 246; *Matter of Peart*, 277 App. Div. 61).

We conclude that in the interests of justice the judgment should be reversed (Civ. Prac. Act, § 583; *Molnar* v. *Slattery Contr. Co.*, 8 A D 2d 95) and a new trial ordered as to all defendants.

The judgment appealed from should be reversed on the law and in the interests of justice (Civ. Prac. Act, §§ 602, 583) and a new trial ordered as to all parties, without costs to either party.

Botein, P. J., Breitel, Stevens and Bergan, JJ., concur; McNally, J., concurs in result only.

Judgment unanimously reversed, on the law and in the interests of justice (Civ. Prac. Act, §§ 602, 583) ·and a new trial ordered as to all parties, without costs to any party.