## (April 29, 1964)

■ ANNA C. TRIMPOLI, as Administratrix of the Estate of BRUNO TRIMPOLI, Deceased, Appellant-Respondent, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No. 33721.) — Claimant-appellant's intestate contracted with the State for the improvement of a part of the State campus site at Albany, the work being in four phases and consisting of the clearing, grubbing and stripping of the area at the construction site, the installation of storm sewers, the instal-

lation of sanitary sewers and the installation of water mains. The contract figure was the sum of the stated prices (computed at unit prices) for the 32 items of work contracted for. The first of claimant's two principal contentions is that by making changes in the storm sewer system whereby a number of items were eliminated, the State "cancelled the contract in fact and impliedly engaged the [contractor] to perform the work on a *quantum meruit* basis". The eliminations were due to the State's entirely reasonable decision to make certain changes in the design of the roads and, as a consequence, the location of certain storm sewers; but the storm sewer system was not eliminated nor was its basic character changed and the other phases of the contract were not altered at all. Hence, there was no change in the "essential identity or the main purpose of the contract". (*Del Balso Constr. Corp.* v. *City of New York*, 278 N. Y. 154, 160.) In any event, the changes were authorized by, and in accordance with the "Additions-Deductions-Deviations" clause of the contract, in pertinent part providing: "The State, without invalidating the contract, may make changes by altering, adding to or deducting from the work, the contract sum being adjusted accordingly"; this provision being similar in purport to the contract provision in *Del Balso* (*supra*), which case is thus parallel to the case before us as respects both grounds of decision. Contrary to appellant's subsidiary or alternative argument, and again as in *Del Balso* (*supra*), the elimination of some work which appellant terms "choice" items (because the bidder had contemplated that they would yield relatively higher profits, as against marginal profits or losses on other items) affords no basis for relief additional to that provided in the contract; and the contract in this case quite clearly excludes claims such as that for overhead and profit interposed here as an alternative in the event that recovery on a *quantum meruit* basis should be denied. Claimant's additional contentions are with respect to certain drainage problems allegedly foreseeable by the State and to the drainage conditions actually encountered; and these claims are predicated upon the State's supposed negligence and its alleged interference with the work. With respect to these claims, the Court of Claims found that claimant had not sustained the burden of proof. Involved were questions of credibility and sharp issues of fact and inference and we perceive no reason to disturb the trial court's considered determination of them. Thus, for example, the court was not bound to accept the contractor's contention, contradicted by the State's witness, as to the State's omission or inability to furnish grade lines; nor was the court required to adopt the contractor's opinion, and to reject that of the State's Engineer, as to the proper treatment of the open end of the drainage pipe in street H. In any event, the court was not bound to find that the delay which ensued and the drainage difficulties which the contractor encountered were proximately caused by any act or omission of the State. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.