Memorandum. The order of the Appellate Division is modified by reducing the award to $6,044.79, with appropriate interest.
The parties have throughout proceeded upon the theory that recovery under the retained moneys claim should be awarded on a comparative fault basis. The claims will, therefore, be viewed in that fashion. The Court of Claims and the Appellate Division allowed the contractor 225 days and 30 days respectively for the State’s contribution to delay in performance, with accompanying resultant awards to claimant of $14,940 and $1,800 respectively. The apportionment by the Appellate Division should have included an additional credit of 59 days for delay attributable to the issuance of the stop work order, thus increasing the retained moneys award from $1,800 to $5,340. The stop work order, issued on the false belief that the excavated material was to be used for fill, resulted in frost permeating the sewage disposal field, thus making further excavation impossible for an extended period. Furthermore, no recovery should be allowed on the contractor’s claim for interference. The contractor had failed to demonstrate that the State’s conduct under all the circumstances was unreasonable. Without such a showing, State interference, especially that expressly allowed under the contract provisions, is not actionable.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order modified, without costs, in accordance with the memorandum herein, and, as so modified, affirmed.