David Smith et al., Respondents, v Nationwide Mutual Insurance Company, Appellant.

Fourth Department, July 14, 1992

*Bouvier, O'Connor (Chris Trapp* of counsel), for appellant.

*Harrison & Gruber (John Prescott, Jr.,* of counsel), for respondents.

## OPINION OF THE COURT

BOEHM, J.

Defendant Nationwide issued a policy of automobile insurance to the plaintiffs, New York residents David and Regina Smith, covering their 1973 Cadillac, which was registered and principally garaged in New York. The policy's endorsements provided uninsured motorist coverage up to $10,000 and economic loss protection up to $50,000.

On August 15, 1982, plaintiffs drove the Cadillac to a campground in the Province of Ontario to vacation with their daughter and son-in-law, Teresa and Joseph O'Shei. On the morning of August 17, 1982, the two couples left the Cadillac parked at the campground and embarked on a bicycle ride. While riding their bikes along the shoulder of a highway in the Town of Wainwright, Ontario, Mr. O'Shei and Mrs. Smith were struck by an automobile registered in Ohio and operated by an uninsured Ohio resident. Mr. O'Shei was fatally injured. Mrs. Smith sustained serious injuries and plaintiffs brought this action to recover the first-party benefits under their Nationwide policy.

Nationwide concedes that coverage was triggered despite the fact that the insured vehicle was not involved in the accident. The policy, as well as the statutes and regulations of New York and Ontario, provide the benefits insured for here when the insured is injured as a result of an accident "involving an automobile" (RSO [1990], ch I.8, § 265 [1] [former ch 218, § 231 (1) (a)]; ch C.25, § 1 [c] [iii] [former ch 83, § 1 [c] [iii]) or "arising out of the use or operation of a motor vehicle" (policy endorsement No. 1734; Insurance Law § 5102 [b]; § 5103 [a]). None of those authorities requires that the covered vehicle be involved. Similarly situated pedestrians have been provided with like benefits under their own automobile insurance policies *(see, Insurance Law § 5102 [j]; Di Stasi v Nation-*

*wide Mut. Ins. Co.,* 132 AD2d 305; *Sisson v Travelers Ins. Cos.,* 94 AD2d 953; *Matter of State Farm Mut. Auto Ins. Co. [Smith],* 129 Misc 2d 828), and Nationwide does not dispute that Mrs. Smith, as a bicyclist, is entitled to such coverage.

We reject Nationwide's contention that the court should look beyond New York's Insurance Law (§ 5103 [e]) and the Regulations of the New York Superintendent of Insurance (11 NYCRR 60-1.1 [former 60.1]) and limit the uninsured motorist and first-party economic loss to $10,000 and $50,000 under the policy endorsements. The clear purpose of the New York statutory scheme is to provide New York insureds with at least the minimum amount of coverage required by any State or Province to which they travel. In this case, Ontario's Compulsory Automobile Insurance Act requires a minimum of $200,000 in uninsured motorist coverage as well as no-fault benefits for medical treatment, rehabilitation and loss of income (RSO [1990], ch C.25, § 1 [1] [former ch 83, § 1]).

In relevant part, section 5103 of the New York Insurance Law provides:

"(e) Every owner's policy of liability insurance * * * shall also provide, when a motor vehicle covered by such policy is used or operated in any other state or in *any Canadian province,* insurance coverage for such motor vehicle *at least in the minimum amount required by the laws of that state or province* * * *

"(h) Any policy of insurance obtained to satisfy the financial security requirements * * * which does not contain provisions complying with the requirements of this article, shall be construed as if such provisions were embodied therein."

The New York Superintendent's Regulations further require that:

"An 'owner's policy of liability insurance' shall contain in substance the following minimum provisions or provisions which are equally or more favorable to the insured * * *

"(e) A provision that when a motor vehicle is used or operated in any other state or Canadian province, a policy currently in effect or hereafter issued shall provide *at least the minimum amount and kind of coverage* which is required in such cases *under the laws of such other jurisdiction.* A policy not containing such provision shall nevertheless be deemed to provide such coverage" (11 NYCRR 60.1 [emphasis added]).

In addition to the clear statutory and regulatory provisions

mandating the expansion of New York policy coverage limits where necessary to meet the minimum insurance limits of a Canadian Province, the contract itself anticipates such variations in coverage. The "FINANCIAL RESPONSIBILITY" language within the policy's "COVERAGE EXTENSIONS" section provides the following: "If the financial responsibility law of any state or *province* requires higher limits than those provided by the policy, *we will adjust this policy to comply*. We will also adjust this policy to comply with the kinds and limits of coverage required of non-residents by any compulsory motor vehicle insurance law, or similar law" (emphasis added).

Similar questions involving the application of foreign law have arisen before. The Second Department has held that New York's Insurance Law and regulations require that an automobile insurance policy be deemed amended to afford the "type" as well as the amount of coverage required by New Jersey *(Matter of American Tr. Ins. Co. v Abdelghany,* 173 AD2d 611, *lv granted* 79 NY2d 755; *Allcity Ins. Co. v Williams,* 120 AD2d 1). In the cases cited, the court determined that a policy's uninsured motorist coverage applied in New Jersey, even where the endorsement limited coverage to accidents occurring in New York, and that New Jersey's uninsured motorist coverage applied despite the lack of physical contact between the vehicles. In so holding, the Second Department determined that the location of the occurrence governed.

The First Department has taken a different view. In *Matter of Allstate Ins. Co. (Walsh)* (99 AD2d 987, *affg* 115 Misc 2d 907), it declined to apply the law of the locus of occurrence, using a "choice of law" analysis instead. That decision was predicated upon the fact that New Jersey required uninsured motorist coverage even in the absence of physical contact between vehicles, a result barred by New York law.

The issues in those cases, however, went beyond what we are required to decide here. This is not a case where the plaintiffs seek to create otherwise unavailable coverage by applying Ontario's law. Rather, they seek to apply Ontario's minimum coverage with respect to the same type of insurance that now exists in their New York policy. Both New York and Ontario require uninsured motorist and first-party economic loss coverage for motorists *(see,* Compulsory Automobile Insurance Act, RSO, chs C.25, I.8, §§ 251, 268 [former chs 83, 218, § 219]). Thus, the issue here is not whose substantive law should apply, but whose limits.

Supporting the result we reach is the Court of Appeals decision in *Country-Wide Ins. Co. v Rodriguez* (55 NY2d 162, *cert denied* 457 US 1118), where the court held that in light of the overriding purpose of then subdivision (5) of section 672 (now § 5103 [e]) of the Insurance Law, North Carolina's $15,-000 minimum liability coverage applied despite the stated policy limit of $10,000.

Further, if we look to the insurance policy itself, it is well established that "the terms of an insurance policy will receive the construction most favorable to the insured" *(Matter of Vanguard Ins. Co. [Polchlopek],* 18 NY2d 376, 381). Given this and the policy's expansive language, Nationwide is contractually bound to provide the Smiths with the "kinds and limits" of coverage required under Ontario law, irrespective of its obligations under the Insurance Law *(see,* Nationwide insurance policy, at 6 ["coverage extensions"]). Consequently, even if we were to adopt the choice of law approach urged by Nationwide and determine that an "interest analysis" precludes the application of Ontario's statutory benefits *(see, Schultz v Boy Scouts,* 65 NY2d 189; *Cooney v Osgood Mach.,* 179 AD2d 420), that determination would not affect Nationwide's obligations under the terms of its contract extending coverage to comply with the higher limits of any State or Province, nor its obligations under the terms read into every policy by the Insurance Department Regulations (11 NYCRR 60-1.1 [e] [formerly 11 NYCRR 60.1 (e)], renum eff July 8, 1992).

Accordingly, we should affirm in all respects the judgment of Supreme Court denying Nationwide's motion for summary judgment and granting plaintiffs' cross motion for summary judgment declaring that the Ontario minimum coverages apply.

CALLAHAN, J. P., GREEN, LAWTON and DAVIS, JJ., concur.

Judgment unanimously affirmed, with costs.