[626 NYS2d 619]

DAVID SMITH et al., Respondents-Appellants, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant-Respondent.

Fourth Department, April 28, 1995

## APPEARANCES OF COUNSEL

*Bouvier, O'Connor,* Buffalo *(Chris G. Trapp* of counsel), for appellant.

*Harrison & Gruber,* Buffalo *(John Prescott, Jr.,* of counsel), for respondents.

## OPINION OF THE COURT

BOEHM, J.

Plaintiffs, David and Regina Smith, New York residents, were the owners of a 1973 Cadillac, which was registered and principally garaged in New York. Plaintiffs had a policy of automobile insurance issued by defendant, Nationwide Mutual Insurance Company. The policy's endorsements provided uninsured motorist coverage up to $10,000 and economic loss protection up to $50,000.

On August 15, 1982, plaintiffs drove the Cadillac to a campground in the Province of Ontario to vacation with their daughter and son-in-law, Teresa and Joseph O'Shei. On the morning of August 17, 1982, the two couples went on a bicycle ride. While riding their bicycles along the shoulder of the road in the Town of Wainwright, Ontario, Joseph O'Shei and Regina Smith were struck by an automobile registered in Ohio and operated by an uninsured Ohio resident. Joseph O'Shei was fatally injured. Regina Smith (hereinafter plaintiff) sustained serious injuries and she is permanently disabled from employment. In January 1984, defendant discontinued paying first-party benefits under its policy and this action for a declaratory judgment was commenced.

Upon a prior appeal, we held that, under New York Insurance Law § 5103 (e) and the Regulations of the New York Superintendent of Insurance (11 NYCRR 60-1.1), as well as under the endorsements in the policy, plaintiff was entitled to the minimum amount of coverage required by any State or Province to which she traveled *(Smith v Nationwide Mut. Ins. Co.,* 181 AD2d 342). Because plaintiff's policy provided unin-

sured motorist coverage only up to $10,000 and the law of the Province of Ontario required uninsured coverage limits of $200,000, we held that plaintiff was entitled to the higher coverage. Ontario's Compulsory Automobile Insurance Act requires not only a minimum of $200,000 in uninsured motorist coverage, but also no-fault benefits for medical treatment, rehabilitation and loss of income (RSO [1990], ch C.25, § 1 [1]).

Upon remittal to Supreme Court, a hearing was held to determine the amount due for plaintiff's loss of income under Ontario's minimum no-fault limits. After the hearing, the parties stipulated that plaintiff's total loss of income from January 1984, when defendant discontinued payments, until plaintiff would have retired 11 years later totaled $16,361.21 under Ontario's minimum no-fault limits. The parties further stipulated that between 1982 and 1984 defendant paid under its policy $8,670.17 more for plaintiff's loss of income and $8,969.63 more for her medical expenses than would be required under Ontario's minimum no-fault limits.

■ The contention of defendant that it is entitled to a credit for payments made to plaintiff for her medical expenses under the policy that exceed Ontario's no-fault limit for such payments is without merit. Plaintiff is entitled to the higher amount of benefits available under either her policy or under the minimum limits provided by Ontario law (see, Smith v Nationwide Mut. Ins. Co., supra). Because the medical benefits paid under the policy totalled $29,047.13, whereas Ontario's no-fault limit for medical expenses is $25,000 in Canadian dollars, the court properly awarded plaintiff the higher amount due under the policy.

The court should, however, have deducted the amount of the loss of income benefits received under plaintiff's policy from 1982 to 1984 that exceeded the amount of the benefits that would have been payable under Ontario's no-fault limits for loss of income in those years. Under Ontario law, benefits for loss of income are payable for the entire period that an injured party is unable to work. Plaintiff's benefits under her policy were exhausted in January 1984 after the payment by defendant to plaintiff of the medical benefits of $29,047.13 and $11,652.87 net benefits for loss of income. Although plaintiff is entitled to the greater of the benefits provided either under plaintiff's policy or the law of Ontario, she is not entitled to both (see, Smith v Nationwide Mut. Ins. Co., supra). The parties stipulated that defendant paid to plaintiff $8,670.17 more for her net benefits for loss of income from 1982 to 1984

than the amount payable under Ontario's limits for that period. Therefore, plaintiff would be entitled to net benefits of $2,982.70 for that two-year period ($11,652.87 less $8,670.17). The parties have computed net benefits as the amount due under the Ontario Insurance Law converted into American dollars, less deductions for Social Security disability payments. As stipulated, plaintiff's net benefits for loss of income for the additional 11 years plaintiff would be unable to work total $16,361.21. Having already received $11,652.87 under her policy, plaintiff may still look to Ontario's higher limit of $19,343.91 ($2,982.70 from 1982 to 1984, plus $16,361.21 from 1984 to 1995), and recover the balance of $7,691.04 ($19,343.91 less $11,652.87).

■ The court erred in awarding prejudgment interest of 9% on the loss of income benefits pursuant to CPLR 5004, rather than the 2% per month payable under Insurance Law § 5106 (a). Insurance Law § 5106 (a) "supersedes the provisions for interest contained in CPLR 5002, 5003 and 5004" (*Matter of Government Empls. Ins. Co. [Lombino]*, 57 AD2d 957, 959). Interest is due for overdue first-party benefits "if not paid within 30 calendar days after the insurer receives verification of all of the relevant information requested [on a verification form]" (11 NYCRR 65.15 [g] [1] [i]). Because defendant paid plaintiff for loss of income benefits for two years, it may be assumed that plaintiff filed the requisite proofs before she began receiving those benefits and is in compliance.

It would appear that since 1990 Ontario has applied the same interest rate on unpaid benefits for loss of income as is provided in Insurance Law § 5106 (a) *(see,* RSO [1990] ch I.8, § 282). We may take judicial notice of that section of the Ontario Insurance Law *(see,* CPLR 4511 [d]; *Cohen v Gilbert,* 12 AD2d 301). Under Ontario law, an insured seeking no-fault benefits may proceed by arbitration or court action following mediation (RSO [1990] ch I.8, § 281). The Ontario Insurance Law provides that, if an arbitrator "finds that an insurer has unreasonably withheld or delayed payments, the arbitrator * * * shall award * * * *[inter alia]* interest on all amounts then owing to the insured (including unpaid interest) at the rate of 2 per cent per month, compounded monthly, from the time the benefits first became payable" (RSO [1990] ch I.8, § 282 [10]). We have found no authority, nor have the parties submitted any, limiting solely to an arbitration proceeding the 2% interest per month to be awarded on unpaid benefits.

Even were Ontario's law regarding interest not applicable to

a court proceeding, the interest rate provided in Insurance Law § 5106 (a) would, nevertheless, apply because the policy and the controlling regulations entitle plaintiff to the greater benefits available under either her insurance policy or under the limits provided by Ontario law *(see, Smith v Nationwide Mut. Ins. Co., supra,* at 344-345). Finally, were we to invoke an interest analysis under the choice-of-law rule, plaintiff would be entitled to the 2% interest rate provided in New York's Insurance Law because New York has a significant interest in insuring that plaintiff is adequately compensated, whereas Ontario has no significant interest in denying plaintiff the right to recover interest on loss of income benefits *(see, Miller v Miller,* 22 NY2d 12, *mot to amend remittitur denied* 22 NY2d 722; *Thomas v Hanmer,* 109 AD2d 80).

■ The court properly denied plaintiff prejudgment interest on the uninsured motorist award. Under New York law, prejudgment interest is added from the date of the determination of liability *(Rohring v City of Niagara Falls,* 84 NY2d 60, 69; *Love v State of New York,* 78 NY2d 540, 542). Plaintiff's award under the uninsured motorist coverage, however, is determined by the law of Ontario, which provides: "Every contract evidenced by a motor vehicle liability policy insures, in respect of any one accident, to the limit of at least $200,000, exclusive of interest and costs, against liability resulting from bodily injury to or the death of one or more persons and loss of or damage to property" (RSO [1990] ch I.8, § 251 [1]).

In ascertaining the total recovery available, we look to see how the courts of Ontario have construed that section. "Judicial notice may be taken of the * * * common law of another * * * country which [is] germane to an issue arising in a case in this state" (19 NY Jur 2d, Conflict of Laws, § 4, at 575; *see,* CPLR 4511 [b]). Further, "decisions of the highest court of the situs are controlling where a question arises with respect to the construction of the constitution and statutes of the situs" (19 NY Jur 2d, *op. cit.,* § 3). Ontario's highest court, the Court of Appeal, has held that prejudgment interest is payable only up to the limit contained in an insurance policy and may not exceed it *(Pagliarella v Di Biase Bros.,* 68 OR2d 597, 58 DLR4th 691 [1989]; *see, In re Allstate Ins. Co. [Lappalainen],* 9 CCLI 216, 219 [Ont High Ct of Justice 1984]). Thus, the uninsured limit payable through any insurance policy, including plaintiff's, would include prejudgment interest up to the maximum coverage of $200,000 made available under Ontario

law, and such interest would not be separately calculated, as under New York law, over and above the $200,000.

■ Defendant's contention that plaintiff is not entitled to attorneys' fees because Ontario law does not provide for them is meritless. Ontario law is relevant only for the purpose of determining whether it provides for greater coverage limits. Where it does not, it should not be applied. Upon our review of the record, we conclude that the attorneys' fees awarded by the court are not excessive. We decline to reach defendant's contention that attorneys' fees were improperly calculated by the court under quantum meruit, rather than under Insurance Law § 5106 (a) and 11 NYCRR 65.17 (b), because that issue is raised for the first time in defendant's reply brief *(see, Arvantides v Arvantides,* 106 AD2d 853, 854, *mod on other grounds* 64 NY2d 1033).

We have examined defendant's remaining contention and conclude that it is without merit.

Accordingly, the judgment should be modified by deleting the second ordering paragraph and by awarding plaintiff first-party benefits for loss of income in the amount of $7,691.04, plus interest at the rate of 2% per month.

GREEN, J. P., PINE, CALLAHAN and DOERR, JJ., concur.

Judgment unanimously modified, on the law, and as modified, affirmed, with costs to plaintiffs in accordance with the opinion by BOEHM, J.