■ In the Matter of RADU LUPOVICI, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New York, Respondent. [636 NYS2d 160] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondent which, *inter alia*, revoked petitioner's license to practice dentistry in New York.

The sole issue presented in this disciplinary proceeding is whether the revocation of petitioner's license to practice dentistry and a fine of $7,500 were proportionate to the offenses he was found to have committed.*

The decision by the Board of Regents to revoke petitioner's license will be overturned only if that penalty is so incommensurate with petitioner's offenses as to be shocking to one's

---

* Petitioner states for the first time in his reply brief that the evidence upon which his penalty was based was insufficient. We note prefatorily that this issue cannot be raised for the first time in a reply brief (*see, Paige v Rocco*, 214 AD2d 663; *Smith v Nationwide Mut. Ins. Co.*, 211 AD2d 177, 183, *lv denied* 86 NY2d 708). We also observe that petitioner offers no other evidence or argument to support his assertion.

sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 223).

The present matter arises from a finding that petitioner is guilty of several specifications of professional misconduct. They include the following: (1) fraudulently practicing dentistry pursuant to Education Law § 6509 (2) in that petitioner deliberately misrepresented treatment rendered on patient L.D. on two certifications for reimbursement and for knowingly submitting an insurance claim form for work on patient L.D. when a claim for such work was already submitted to another insurer; (2) unprofessional conduct pursuant to Education Law § 6509 (9) and 8 NYCRR 29.1 (b) (6); (3) fraudulently practicing dentistry pursuant to Education Law § 6509 (2) for knowingly submitting an insurance claim form for work on patient M.M. when the work had already been fully paid for; (4) negligently practicing dentistry on more than one occasion pursuant to Education Law § 6509 (2) based on facts alleged in specifications (1) and (3); (5) unprofessional conduct in violation of Education Law § 6509 (9) and 8 NYCRR 29.1 (b) (14) for practicing dentistry while his license was suspended by writing prescriptions; and (6) unprofessional conduct pursuant to Education Law § 6509 (9) and 8 NYCRR 29.1 (b) (14) for violating the terms of the July 31, 1987 probation terms of his license by failing to conduct himself in conformance with professional standards, based on the facts giving rise to the first four specifications.

Petitioner points to the fact that he was not personally enriched by money received from insurance companies as all moneys were refunded to his patients, that neither his patients nor the public were placed in a potentially dangerous situation and that the penalty would cause undue hardship to him, his family and patients.

The Board's decision was based, in part, on consideration of two prior suspensions of petitioner's license, which were based on the same offenses charged against petitioner in the instant matter, that is, fraudulently submitting insurance claims and practicing dentistry under a suspended license. The recalcitrance of petitioner was an important factor in determining the penalty. Petitioner's previous suspensions, while not rising to the level of a "prolonged pattern" of abuse (*see, Matter of Diamond v Sobol*, 145 AD2d 786, 787), are important factors in determining the appropriateness of a penalty (*see, Matter of Nquyen v Commissioner of Educ.*, 212 AD2d 831, 832).

We reject petitioner's contention that because the monetary amounts involved in his transgressions were relatively small,

his conduct will not impair public confidence in the profession nor encourage others to act in the same manner. To the contrary, we feel that revocation of his license will strengthen public confidence in the profession and serve as a healthy deterrent to others. We conclude that the penalty imposed was appropriate to the offenses perpetrated.

Mercure, Casey, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.