■ In the Matter of the Arbitration between ROBERT B. PROPER, Respondent, and STERLING INSURANCE COMPANY, Ap-

pellant. [675 NYS2d 676] —Peters, J. Appeal from an order of the Supreme Court (Graffeo, J.), entered October 28, 1997 in Albany County, which, *inter alia*, in a proceeding pursuant to CPLR article 75, ordered respondent to recalculate petitioner's pension benefits.

Pursuant to an employment contract entered into in January 1991, petitioner was entitled to all employee benefits, including those derived from a "supplemental defined benefit plan" (hereinafter SDBP), the purpose of which was to provide a pension in excess of Federal limits placed upon respondent's qualified retirement plan entitled the "defined benefit plan" (hereinafter DBP). According to the terms of the SDBP, "the amount of monthly retirement benefit shall be an amount which when added to the amount payable from the [DBP] is equal to a pension of 2% of average monthly compensation for each year of service less 1/2 of primary Social Security benefit". Under the DBP, petitioner could receive a maximum yearly payout for life (maximum of 10 years) or, he could opt, as he ultimately did, to accept a lower yearly amount to insure continued payments to his wife upon his death.

After respondent attempted to terminate petitioner's employment in 1993, arbitration proceedings resulted in a determination in favor of petitioner requiring respondent to comply with all terms and conditions of their employment contract which included the entitlement to the SDBP. After petitioner's action for confirmation of the award, respondent initiated an action seeking a declaration that petitioner did not accrue benefits under the SDBP after he was terminated, however wrongfully. In its January 23, 1997 order, Supreme Court declared that petitioner accrued benefits under the SDBP during the entire term of the employment agreement and that respondent must provide accrued benefits thereunder.

In an alleged attempt at compliance, respondent forwarded a recalculation of SDBP benefits as determined by its actuaries. Refuting such calculation, and most particularly the amount payable under the DBP by which the SDBP is to be calculated, petitioner moved to hold respondent in contempt of the January 1997 order. That determination, the subject of this appeal, resulted in a dispute as to whether the SDBP requires that its sum be reduced by the amount actually paid to petitioner under the DBP as opposed to a reduction determined by the amount petitioner would have been entitled to receive had he not elected to provide continued payments to his wife upon his death. Supreme Court, finding that the term "payable" in the context of the SDBP constituted the actual amount distributed

to petitioner from the DBP, ordered respondent to recalculate the amount owed. Upon appeal, we modify.

Upon our review of the relevant language in the SDBP, we agree that the contextual reference to the word "payable" is ambiguous.* However, in our examination of this plan, considering its purpose and the circumstances under which it was executed, including the " 'obligation as a whole and the intention of the parties as manifested thereby' " (*Kass v Kass*, 91 NY2d 554, 566, quoting *Atwater & Co. v Panama R. R. Co.*, 246 NY 519, 524), we find nothing to indicate that respondent, through the provision of the SDBP, had any intention to reimburse petitioner for the cost of providing an annuity election for his wife. Notably, the record neither indicates such intention nor does petitioner ever contend that when he selected the alternative payout option he believed that the SDBP would, in effect, reimburse him for the benefit he allocated to his wife.

We note respondent's proffer of his actuaries' definition of the word payable as the " 'normal form' of payment under both the [DBP] and [SDBP]" and that, by definition, "[a] sum of money is said to be payable when a person is under an obligation to pay it" (Black's Law Dictionary 1128 [6th ed 1991]). Seeking "a sensible meaning of words" (*Atwater & Co. v Panama R. R. Co., supra*, at 524), we conclude that the word "payable" in such agreement could only mean the amount that he was entitled to receive pursuant to the DBP, regardless of his payment election.

Having further reviewed and rejected the parties' remaining contentions, wholly noting our inability to review an issue raised for the first time on appeal (*see, Matter of Lupovici v Sobol*, 223 AD2d 753, n), we hereby modify Supreme Court's order by reversing so much thereof as required respondent to recalculate petitioner's benefits under the SDBP using "payable" to mean the actual amount "paid" to petitioner under the DBP, and instead direct that a recalculation of benefits under the SDBP be made utilizing the amount which petitioner could have received under the DBP.

Mikoll, J. P., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as required respondent to recalculate petitioner's benefits under the "supplemental

---

* The SDBP provides, in pertinent part, as follows: "Normal or Late Retirement Benefit: Upon a Participant's attainment of Normal Retirement Age or Late Retirement Age, the amount of monthly retirement benefit shall be an amount which when added to the amount payable from the [DBP] is equal to a pension of 2% of average monthly compensation for each year of service less 1/2 of primary Social Security benefit."

defined benefit plan"; matter remitted to respondent for a recalculation of petitioner's benefits in accordance with this Court's decision; and, as so modified, affirmed.