■ PETER SCALAMANDRE & SONS, INC., Appellant, v STATE OF NEW YORK, Respondent. [883 NYS2d 821]—

Spain, J. Appeal from an order of the Court of Claims (Hard, J.), entered July 15, 2008, which, among other things, denied claimant's motion for summary judgment.

In April 2000, claimant successfully bid on a bridge rehabilitation project located in Suffolk County and began construction work the following June. As set forth in defendant's project design specifications, claimant's successful bid included, among other things, a detailed welding proposal setting forth the manner in which certain welding work was to be performed. While claimant's submission complied with the design specifications, upon subsequent review, defendant discovered that the type of welds called for—both in its own design specifications and claimant's proposal—were not in conformity with the New York State Steel Construction Manual (hereinafter the manual), as contractually required. In April 2001, after notifying claimant of the error, defendant revised the relevant welding specifications to conform with the manual and asked claimant to submit a welding proposal using those revised procedures. The following month, claimant submitted a revised proposal that incorporated similar improper welding procedures as before, which defendant rejected. Thereafter, in July 2001, claimant submitted a manual-compliant welding proposal reflecting that the extra work would cost defendant an additional $415,000.

After reviewing claimant's proposal, defendant decided that the welding work would be "too time-consuming and too late in the construction season" to permit completing the project by the November 2001 construction deadline. As a result, in September 2001, defendant decided to utilize an alternate nonwelding procedure and invited claimant to submit a proposal. In January 2002, after claimant declined to participate in

the nonwelding alternative, defendant omitted the relevant welding work from the project and put the nonwelding specifications out for rebid. Claimant declined to rebid, asserting that the omission of the welding work from the project had caused it financial harm. After unsuccessful attempts to negotiate a settlement, claimant commenced the instant action for breach of contract seeking recovery for its alleged lost profits. Following joinder of issue and discovery, claimant moved for summary judgment. Defendant opposed the motion and cross-moved for summary judgment dismissing the claim. The Court of Claims denied both motions. Claimant now appeals and we affirm.

Claimant's main contention is that defendant could not delete substantial work from the contract without compensating it for lost profits because it was defendant's own design error that necessitated the deletion. However, article 5 of the parties' contract contains an "alterations and omissions" clause which provides that "[defendant] reserves the right, at any time during the progress of the work, to alter the plans or *omit any portion of the work* as it may deem reasonably necessary for the public interest . . . without constituting grounds for any claim by [claimant] for allowance for damages or for loss of anticipated profits" (emphasis added). This specific contract provision put claimant on notice that defendant reserved the right to make "reasonably necessary" changes in the plans and specifications of the work and that there would be no right to collect resulting lost profits (*compare Del Balso Constr. Corp. v City of New York*, 278 NY 154, 159 [1938]; *Kinser Constr. Co. v State of New York*, 204 NY 381, 394 [1912]).

Indeed, the project's original design plans mistakenly contained incorrect welding specifications. Claimant, however, was not without fault. It had the opportunity to review the project's welding specifications prior to its original bid on the project and, despite being required to submit a bid in conformance with the welding standards set forth in the manual, failed to take notice of this error. As a result, claimant's original and subsequent welding proposals were disapproved because they incorporated this error and claimant did not respond with a cost estimate for the revised welding specifications until July 2001. It was only after these ongoing delays that defendant adopted the alternate procedure. In light of these considerations, claimant has failed to establish a prima facie case which would entitle it to judgment for its lost profits as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Repeti v McDonald's Corp.*, 49 AD3d 1089, 1090 [2008]).

Defendant, which did not file a cross appeal, now asks this Court to search the record and grant summary judgment in its favor and dismiss the complaint. It is well settled that this Court may, despite the lack of a cross appeal, search the record and grant summary judgment in favor of a nonappealing party (see CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111 [1984]; *Bender v Peerless Ins. Co.*, 36 AD3d 1120, 1121 [2007]). However, defendant did not establish its entitlement to summary judgment dismissing the claim. Initially, general omission clauses, such as contained in the parties' contract, have been construed to permit deletions in contracts so long as they do " 'not alter the essential identity of the main purpose of the contract' " (*Camarco Contrs. v State of New York*, 33 AD2d 717, 719 [1969], *mod on other grounds* 28 NY2d 948 [1971], quoting *Del Balso Constr. Corp. v City of New York*, 278 NY at 160). Here, the main purpose of the parties' contract was to rehabilitate and repair the subject bridge, and altering the design plan to omit certain welding work did not negate that purpose.

Enforcement of an omission clause, however, also requires a finding that defendant's actions in omitting portions of the contract were not arbitrary or capricious (see *Del Balso Constr. Corp. v City of New York*, 278 NY at 162; *Kinser Constr. Co. v State of New York*, 204 NY at 390-391; *cf. Trimpoli v State of New York*, 20 AD2d 933, 934 [1964]). Defendant's stated reason at the time the welding work was omitted from the contract was that, as specified, the work could not be completed prior to the November 2001 deadline. While the new construction procedure called for application of a spray-on membrane that made the welding work unnecessary, the record establishes that the bridge rehabilitation work was not actually finished until June 2002. Therefore, the rationale upon which defendant claimed that it was "reasonably necessary for the public interest," to omit welding work from its contract, is arguably undermined. Given defendant's failure to tender any other proof establishing that the omission of welding was "reasonably necessary for the public interest," a question of fact remains as to whether its decision was arbitrary and capricious and, in turn, whether article 5 applies in the instant dispute.

Finally, given our conclusion that the Court of Claims properly denied the parties' motions for summary judgment, we cannot consider claimant's contention regarding its entitlement to damages.

Peters, J.P., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.