■ CURRIER, McCABE & ASSOCIATES, INC., Doing Business as CMA CONSULTING SERVICES, Respondent, v PATRICK L. MAHER, Appellant. [906 NYS2d 129]—

Garry, J. Appeal from an order of the Supreme Court (Williams, J.), entered October 27, 2009 in Saratoga County, which, among other things, denied defendant's motion for summary judgment dismissing the complaint.

In July 2006, defendant began working for plaintiff, a domestic corporation. Shortly after his start date, he and plaintiff's representative executed an "Employment Agreement" which, among other provisions, stated that defendant "acknowledges that he/she has read the EMPLOYEE HANDBOOK and as indicated by the signature below, agrees to the preceding terms and conditions, as well as those outlined in the handbook." As relevant here, the employee handbook includes a section describing a professional development program by which plaintiff pays for educational and training courses for its employees, and first year employees who leave their positions within one year of obtaining such training are required to repay these expenses.

The handbook also includes a disclaimer providing that the "[p]olicies set forth in this handbook are not intended to create a contract, nor are they to be construed to constitute contractual obligations of any kind or a contract of employment between [plaintiff] and any of its employees."

Defendant was in the course of graduate studies when he began his employment. He continued to pursue his education thereafter, and plaintiff paid his tuition. In 2007, during his first year of employment with plaintiff and within two months after completing his degree program, defendant resigned from his position. He refused to reimburse plaintiff for his tuition and related expenses, and plaintiff commenced this action alleging breach of contract. Defendant moved for summary judgment dismissing the complaint, and plaintiff cross-moved for summary judgment. Supreme Court denied the motion and the cross motion. Defendant appeals.

Both parties now contend that Supreme Court erred in finding that issues of fact preclude summary judgment, in that they believe the disputed contractual language is unambiguous and that its interpretation is an issue of law within the province of this Court (see *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *Estate of Hatch v NYCO Mins.*, 245 AD2d 746, 747 [1997]). They further agree that the parties intended to incorporate the terms of the handbook into their employment agreement. They differ entirely, however, in their analysis of the result. According to defendant, his agreement to the handbook's terms and conditions includes the disclaimer, which in turn prevents any of the handbook's other terms, including the tuition reimbursement provision, from becoming contractually binding. In defendant's view, no contract was formed, and he is not obliged to reimburse plaintiff for his tuition. Plaintiff contends that defendant's express agreement to the terms and conditions of the handbook renders the disclaimer legally irrelevant; in plaintiff's view, the disclaimer was solely intended to prevent the handbook from being construed as an implied contract in its own right and is inapplicable where an employee expressly agrees to be bound by the handbook's terms.

We agree that this dispute may be resolved as a matter of law. The interpretation of an unambiguous contract and the determination whether a contract is ambiguous are issues of law to be determined by the courts (see *W.W.W. Assoc. v Giancontieri*, 77 NY2d at 162; *Stevens & Thompson Paper Co., Inc. v Niagara Mohawk Power Corp.*, 49 AD3d 1011, 1012 [2008]). In making these determinations, "[t]he court should examine the entire contract and consider the relation of the parties and the circum-

stances under which it was executed. Particular words should be considered, not as if isolated from the context, but in the light of the obligation as a whole and the intention of the parties as manifested thereby. Form should not prevail over substance and a sensible meaning of words should be sought" (*Atwater & Co. v Panama R.R. Co.*, 246 NY 519, 524 [1927]; *see Matter of Proper [Sterling Ins. Co.]*, 252 AD2d 802, 804 [1998]).

Reading the agreement as a whole in accordance with these principles, we find that it is not ambiguous. "[P]rovisions in a contract are not ambiguous merely because the parties interpret them differently" (*Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 352 [1996]). The written agreement sets forth the terms of defendant's employment and, regarding the handbook, provides only that defendant also agrees to its terms and conditions. The handbook's initial provision stating that its "policies" are not intended to create a contract is merely a disclaimer and not one of those substantive policies. Its stated purpose is to prevent the policies, in and of themselves, from being construed as an implied employment contract. Defendant's execution of a separate contract in which he expressly agreed to the handbook's terms rendered this purpose inapplicable. It was defendant's execution of this agreement, and not any provision of the handbook, that created his contractual obligations; thus, no conflict resulted from the disclaimer's prohibition against the implication of contractual obligations directly from the handbook.[1]

Even if an ambiguity does result from the disclaimer's declaration that the handbook should not be read to create any contract, the result is the same. Summary judgment is not precluded where, as here, resolution of a contractual ambiguity does not depend on extrinsic evidence. In such a case, the dispute "can and should be resolved on the basis of the agreement alone" (*Hudson-Port Ewen Assoc. v Chien Kuo*, 165 AD2d 301, 303 [1991], *affd* 78 NY2d 944 [1991]; *see Sutton v East Riv. Sav. Bank*, 55 NY2d 550, 554 [1982]; *B.T.R. E. Greenbush v General Acc. Co.*, 206 AD2d 791, 792 [1994], *lv denied* 84 NY2d 808 [1994]). In interpreting such an agreement, as with any contract, the goal should be a practical construction of the language used so that the reasonable expectations of the parties

---

1. Notably, if the parties had intended to prevent the handbook's terms from becoming contractual obligations, they could have accomplished that purpose by making no reference to the handbook in their written agreement. The disclaimer would then prevent the handbook's policies, standing alone, from being construed as an employment contract by implication (*see Lobosco v New York Tel. Co./NYNEX*, 96 NY2d 312, 317 [2001]).

are realized (*see Sutton v East Riv. Sav. Bank*, 55 NY2d at 555; *Hudson-Port Ewen Assoc. v Chien Kuo*, 165 AD2d at 303-304; *Tougher Heating & Plumbing Co. v State of New York*, 73 AD2d 732, 733 [1979]). The parties' reasonable expectations are not met by defendant's interpretation, which leads to the absurd and self-contradictory result that inclusion of a term in the handbook defeats the employment agreement's clear purpose to include the handbook's terms. "Where . . . a literal construction defeats and contravenes the purpose of the agreement, it should not be so construed" (*Tougher Heating & Plumbing Co. v State of New York*, 73 AD2d at 733 [citation omitted]). Instead, "not merely literal language, but whatever may be reasonably implied therefrom [may] be taken into account" (*Sutton v East Riv. Sav. Bank*, 55 NY2d at 555). Defendant's express agreement to the handbook's terms and conditions reasonably implies that the parties did not intend the disclaimer to make this agreement ineffective but, rather, intended the handbook's substantive terms and conditions—including the tuition reimbursement provision—to be contractually binding. In our view, this is the "only reasonable interpretation" of the agreement (*B.T.R. E. Greenbush v General Acc. Co.*, 206 AD2d at 792). Plaintiff is therefore entitled to judgment as a matter of law, and we accordingly grant its cross motion.[2]

Spain, J.P., Rose and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's cross motion; cross motion granted and summary judgment awarded to plaintiff; and, as so modified, affirmed.

---

**2.** Although plaintiff did not appeal from Supreme Court's denial of its cross motion for summary judgment, this Court nevertheless has the authority to search the record and grant plaintiff summary judgment in this matter (*see* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111 [1984]; *Peter Scalamandre & Sons, Inc. v State of New York*, 65 AD3d 774, 777 [2009]; *Sherba v Midstate Precast Sys.*, 230 AD2d 944, 946 [1996]).